[No. 3,043.]

# IN THE MATTER OF THE ESTATE OF DANIEL UTZ, DECEASED.

WILL—OMISSION TO MENTION CHILDREN OF DECEASED CHILD.—Where a testator, in disposing of his property, used the expression, "to my children," and proceeded to name them, and the portion devised to each, but omitted any special mention of a devise to the children of a deceased daughter: *held*, that the use of the word "children" did not indicate a deliberate purpose to exclude the children of his deceased daughter, and that, under section seventeen of the Statute of Wills, they were entitled to a full share of the estate, as if the deceased had died intestate.

DEVISE "TO MY DAUGHTER AND TO HER CHILDREN" GIVES ESTATE IN COMMON.—Where a devise was made, "To my youngest daughter, Margaret Utz, and to her children:" *held*, that Margaret's children became devisees as well as herself, and that the devise passed an estate in common to all.

RULE IN SHELLY'S CASE NOT APPLICABLE TO DEVISE TO A MOTHER AND HER CHILDREN.—The "rule in *Shelly's Case*," when applied to wills, is confined to cases in which, after a freehold is devised to one, the remainder is to go in terms to the "heirs" of the first taker, and does not apply to a devise to a mother and to her "children."

DEVISE TO "MARGARET UTZ AND TO HER CHILDREN," ON CONDITION THAT MARGARET TAKE CARE OF TESTATOR.—Where a devise was made "to Margaret Utz and to her children," on condition that Margaret would take care of the testator during his lifetime, which she did: *held*, that there was nothing in the condition to show an intention on the part of the testator that Margaret alone should have the benefit of the devise.

APPEAL from the Probate Court of Santa Clara County.

This was an appeal by Margaret Hartman, the daughter of Daniel Utz, deceased, from a decree of the Probate Court, distributing his estate. Her objections to it were, that the children of her deceased sister, Mrs. Harwig, were admitted to share in the estate, and that her own children were declared tenants in common with herself under the will.

The other facts are stated in the opinion.

*J. Alexander Yoell,* for Appellant.

It appears by the will itself that the omission to provide for the Harwigs was intentional, because in the introductory clause the testator declares his intention to give his property to his " children " only, and then specially charges his daughter Margaret with the care of his person until his death, for which consideration she is to receive her devise; and she having fulfilled the condition, the estate vested in her absolutely in fee upon the death of the testator. This view is not in conflict with the law laid down in *Estate of Garraud,* 35 Cal. 336.

The devise to Margaret created not a tenancy in common with her children, but an estate in fee in her. The question is, was the word " children " used as a word of limitation or as a word of purchase. The introductory clause shows that it was the intention of the testator to give his property to his " children," without mentioning his grandchildren. The whole idea of the devise was to Margaret upon the condition of her rendering him services which her children could not do, and if she should have many children before her father's death it would result in her getting a miserably small amount of property—grossly inadequate to the value of her services. The testator used no apt words indicating an intention to create a tenancy in common. If the wording

had been to "Margaret and to her children, provided they (instead of she) will take care of me, share and share alike," or other apt words, then undoubtedly they would share as tenants in common; but there are no words importing, nor from a careful spelling of each word in the will can an intent be inferred, that they were to share alike.

The words "and to her children" were intended to refer to Margaret's "heirs," and to be words of limitation and not of purchase. (See 6 Coke, 16; 3 Wend. 511; *Wood* v. *Baron*, 1 East, 135; *Schoonmaker* v. *Sheehy*, 3 Hill, 165; *Jackson* v. *Babcock*, 12 Johns. 393; *Helmer* v. *Shoemaker*, 22 Wend. 136.)

The rule in *Shelly's Case*, that the words "children" are words of limitation, is the rule in this State. It has been so expressly declared. (*Norris* v. *Hensley*, 27 Cal. 439.)

*Bodley & Rankin*, for Respondents Harwig.

We have no interest in that portion of the estate set apart to Margaret Hartman and her children, whether it goes to the mother alone, or to the mother and her children as tenants in common. As to the interest set apart to the Harwig children, whom we do represent, the action of the Court below was clearly correct under section seventeen of the Statute of Wills. It does not appear from the will that the omission to name the issue of the deceased daughter of testator was with the intention of excluding them; nor does it appear that he intended to exclude them. The section of the Statute of Wills referred to has been discussed and construed by this Court in the matter of the *Estate of Garraud*, 35 Cal. 336, and a different construction and meaning given it than that claimed for it by appellant; and it would be a work of supererogation for us to attempt further to discuss it.

By the Court, WALLACE, J.:

The material portions of the will of the deceased are as follows:

"I will, give, and bequeath, and order my executors to give after my death to my children the following property, to wit: To my eldest daughter, Elizabeth Utz,   *   *   * the sum of fifty dollars   *   *   *; to my son, Daniel Utz, the sum of five dollars; and to my youngest daughter, Margaret Utz, and to her children, I will and bequeath   *   *   * all my property, moneys, lands, furniture, etc., that will be left after my death," etc.

The testator had another daughter, who was deceased at the time he published his will, leaving two children, the Harwigs, surviving her, and also surviving their grandfather, the testator.

The latter omitted in his will to provide for these grandchildren, nor are they in anywise mentioned therein.

First—The Court below held, and we think correctly, that the Harwig infants were together entitled to the one fourth of the estate after the payment of the specific legacies, etc., being the same share which they would have received had the deceased died generally intestate.   There is nothing in the point that the testator in the outset having mentioned his "children" as the intended recipients of his bounty should, therefore, be considered as intending the exclusion of these grandchildren.   The Statute of Wills (section seventeen) enacts that in case the testator shall have omitted to provide for his child, or for the issue of his deceased child, such omitted child or issue shall have the same share in his estate as in case of general intestacy, "unless it shall appear that such omission was intentional."

We think that it would be attributing an unwarranted degree of significance to the, perhaps, fortuitous expression "children," used in the introductory clause of the will,

should we infer therefrom the existence of a deliberate purpose, actually in the mind of the testator, to wholly exclude the children of his deceased daughter from a share of his estate.

Second—The other question involved concerns the devise to Margaret and her children. Its language has been given already, and it is argued that, by construction of law, the estate which passed thereunder vested solely in the mother. This view is based in the main upon the rule of law known as the rule in *Shelly's Case.* But that rule, when applied to wills, is confined to cases in which after a freehold interest is devised to one, the remainder is to go in terms to the *heirs* of the first taker. In such cases the word "heirs" is considered as importing a limitation upon the estate of the first taker only, and not as denoting that the latter are themselves to take as purchasers. Here, however, the devise is to Margaret and her "*children,*" and neither the reason upon which the rule itself was founded, nor the adjudged cases which support it, embrace such a case as this. The word "issue" has, indeed, been sometimes held to operate in this respect like the word "heirs," but only in those cases in which it is used as synonymous with the latter word. If, therefore, by "issue" it appear that the testator meant "children," then the rule has no application. (*Genet* v. *Lynn,* 31 Penn. St. R. 94.)

A devise of real estate to one and his children operated at common law to vest in the devisees a joint estate (*Oates* v. *Jackson,* 2 Strange, 1171), and under our statute (Acts 1855, 171,) it vests an estate in common in the devisees.

Third—But reliance is placed in the fact that the devise to Margaret and her children was upon condition that she would take care of the testator and would stay with him during his lifetime, which she did. It is argued that as the condition only mentioned her and not the children, and as she alone could and did perform it, the intention of the tes-

tator must have been that she alone should have the benefit of the devise.

It has not been suggested that any rule of law forbids a devise to three persons upon condition to be performed by one of them only, or even by a stranger; and we have seen already that the devise here was in terms *to her children* as well as to herself, and dependent upon the performance of the same condition as to all. That performance, it is true, was to be by her alone; so the testator had directed. Upon her failure in that respect the children must have been excluded. It is argued now that the same result must befall them, because she did perform. In case of her non-performance, the interest intended for them would have remained in the estate of the testator for purposes of distribution; by the very fact of performance, however, that interest is now claimed to be vested solely in the mother, and to be disposed of as her own. Thus, between the directions of the will on the one hand, and the position of the counsel for the appellant, if it be maintained, on the other, the children would receive nothing in any event, and they might as well have been omitted by the testator altogether. We think, however, that such a construction of the devise would violate the intention of the testator.

We are of opinion that the judgment must be affirmed, and it is so ordered.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.