[L. A. No. 7332. In Bank.—December 1, 1922.]

In the Matter of the Estate of WILLIAM KURTZ, Deceased. LEONHURT KURTZ, Appellant; HELEN H. KURTZ, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILL—SUBSEQUENT MARRIAGE OF TESTATOR—WILL NOT REVOKED.—A will devising the testator's estate to his father and in the event of his death prior to the testator's death to the testator's sister, and providing if "any person whomsoever who, if I died intestate, would be entitled to any part of my estate," except the persons named, should assert any claim to the estate, he should receive one dollar, was not revoked under section 1299 of the Civil Code by the marriage of the testator the day after the making of the will, since the quoted phrase "provided for" the wife.

[2] ID.—CONTEST BY WIDOW—EVIDENCE—ENGAGEMENT TO MARRY AT TIME OF EXECUTION OF WILL.—In a contest to such a will by the widow of the testator, evidence that the testator was engaged to marry the contestant at the time the will was made was admissible for the purpose of showing who the testator intended to include by the quoted phrase.

[3] ID.—AMBIGUOUS WORDS—EXTRINSIC FACTS.—Evidence is admissible to show extrinsic facts which serve to explain the meaning of ambiguous words appearing on the face of a will.

[4] ID.—UNBORN CHILD—WILL NOT REVOKED.—Such a will was not revoked under section 1298 of the Civil Code by the fact that the widow was enceinte at the time of the testator's death and that the testator was the father of the child, since under section 29 of such code a child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary to its interests in the event of its subsequent birth.

APPEAL from an order of the Superior Court of Los Angeles County denying probate of a will. Frank R. Willis, Judge. Reversed.

The facts are stated in the opinion of the court.

1. Effect of statute making wife an heir of husband upon rule that marriage alone, without birth of issue, does not revoke a man's will, note, 25 L. R. A. (N. S.) 182.

3. Admissibility of extrinsic circumstances in ascertaining intention of a testator in respect to disinheriting an after-born child, note, 13 L. R. A. (N. S.) 781.

W. H. Savage and B. M. Marble for Appellant.

C. L. Bogue and W. W. Orme for Respondent.

SHAW, C. J.—This is an appeal from an order denying probate to the will of deceased.

The will was made on June 3, 1921. The next day, to wit, June 4, 1921, the testator married the contestant.

The will was contested on the ground that it was revoked by the provisions of section 1299 of the Civil Code, which are as follows:

"If, after making a will, the testator marries, and the wife survives the testator, the will is revoked, unless provision has been made for her by marriage contract, or unless she is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation must be received."

The wife he married on June 4, 1921, he continued to live with as such until his death, which occurred on November 2, 1921.

The material portions of the will are as follows, to wit:

"Second: I hereby declare that I am a single man, and my only living relatives are my father, Leonhurt Kurtz, also known as Leonhurt Kurz, of the town of San Pedro, City of Los Angeles, County of Los Angeles, State of California, and my sister, Ida Dunn, of the City and County of San Francisco, State of California.

"Third: I hereby give, devise and bequeath all the property, both real and personal, of which I may be legally possessed at the time of my death, to my beloved father, Leonhurt Kurtz, also known as Leonhurt Kurz, of the town of San Pedro, City of Los Angeles, County of Los Angeles, State of California, and in the event of the death of my said father prior to the date of my own death, then, and in that event only, I hereby give, devise and bequeath all the property, both real and personal, of which I may die legally possessed, to my beloved sister, Ida Dunn, of the City and County of San Francisco, State of California.

"Fourth: I hereby generally and expressly disinherit each and all persons whatsoever claiming to be, and who may be, my heirs at law, except as such may be determined

by this will, and if any of such parties or such heirs, or any person whomsoever who, if I died intestate, would be entitled to any part of my estate, shall either directly, singly, or in conjunction with other persons, seek or establish or assert any claim to my estate, or any part thereof, excepting under this will, or attack or oppose or seek to set aside the probate of this will, or impair, invalidate or set aside the provisions, or endeavor to secure or procure any part of my estate other than through or under this will; then in any or all of the above-mentioned cases and events, I hereby give and bequeath to said person or persons the sum of One ($1.00) Dollar and no more in lieu of any other share or interest in my estate, and all the rest of the interest, share or property which would otherwise have gone to such person or persons by devise or inheritance, or which they might be entitled to take under any provision of law shall go, and I hereby give, devise and bequeath the same, to my said father, Leonhurt Kurtz, also known as Leonhurt Kurz, of the town of San Pedro, City of Los Angeles, County of Los Angeles, State of California, or in the event of his death prior to my death, and in that event only, I hereby give, devise and bequeath the same to my said sister, Ida Dunn, of the City and County of San Francisco, State of California.''

It will be noted that by the fourth paragraph of the will the testator expressly provides that if ''any person whomsoever who, if I died intestate, would be entitled to any part of my estate,'' except the two persons named as heirs in the previous part of the will, should ''seek to establish or assert any claim to my estate, or any part thereof, excepting under this will,'' or shall attack or seek to set it aside, or secure any part of his estate other than through or under the will, he or they shall receive one dollar and no more in lieu of any share or interest in his estate, and all the rest of the interest which would otherwise have gone to such person by inheritance he gives to his father.

[1] This clause does not mention his wife. It is obvious, however, that she is included by the phrase, ''any person whomsoever, who if I died intestate would be entitled to any part of my estate.'' In fact, so far as appears, she and the unborn child were the only persons who are included therein. Respondent contends that because when the will

was made the day before, she was not the wife of the testator, there could not have been any intention to make provision for her as his wife. No reason is perceived why the wife could not be "mentioned" by any description that would include her. Certainly it would not be necessary to mention her by name and to include her, as she was included, in the description of a class, "mentions" her as effectually as if she had been named therein. He must have contemplated that such person might establish her claim to a share of the estate, for he provides that in such event all of the share shall go to his father except one dollar. It is therefore to be supposed that his wife would be included. The fact that she was not his wife when he made the will is of no significance. He was speaking of a future event, the descent that would be cast upon his death, and he could provide for the persons who might be then interested, though not so at the time, by the statement that they should have only a part of that which they would otherwise take.

[2] The appellant sought to show that at the time the will was made the testator was already engaged to be married to the contestant, as indeed would almost be presumed so short a time before, but the court sustained an objection of the respondent to the evidence. This was clearly error. It was admissible for the purpose of showing who the maker of the will intended to include by the phrase "any person whomsoever who, if I died intestate, would be entitled to any part of my estate," a phrase which, if he had not been then engaged to marry the contestant, would be somewhat ambiguous, but which would be made certain by showing the fact of such engagement. [3] Evidence is always admissible to show extrinsic facts which serve to explain the meaning of ambiguous words appearing on the face of a will, and this evidence was admissible for that purpose.

The wife of the testator is therefore "provided for" in the will.

Section 1298 of the Civil Code is as follows, to wit:

"If, after having made a will, the testator marries, and has issue of such marriage, born either in his lifetime or after his death, and the wife or issue survives him, the will is revoked, unless provision has been made for such issue by some settlement, or unless such issue are provided for in the will, or in such way mentioned therein as to show an inten-

tion not to make such provision; and no other evidence to rebut the presumption of such revocation can be received."

[4]  One of the grounds of contest was that Helen H. Kurtz, the widow, was, at the time of filing the objections to its probate, *enceinte,* and that the testator was the father of the child.  Section 29 of the Civil Code provides that "a child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary to its interests in the event of its subsequent birth."  This child would come in the same category as its mother; if it should be born alive, it would then inherit a part of its father's estate; in fact it would inherit all of it that did not go to the mother, and it would be affected by the same provision, if it should set up a claim thereto, and would receive only one dollar of its share, the residue going to the father of William Kurtz.

The will should therefore have been admitted to probate.

The question whether the wife has any rights in the estate, notwithstanding the will, cannot be presented on this appeal.

The order is reversed.

Lennon, J., Wilbur, J., Shurtleff, J., Sloane, J., Lawlor, J., and Waste, J., concurred.

Rehearing denied.

All the Justices present concurred.