[Civ. No. 11192. Second Appellate District, Division Two.—September 23, 1936.]

In the Matter of the Estate of CHARLES E. LOMBARD, Deceased. CHARLES WESLEY LOMBARD et al., Appellants, v. HARRY E. SMITH, as Executor; MAX MARKS et al., Respondents.

H. W. Funke for Appellants.

Smith, Southwell & Smith and Hebard P. Smith, as *Amici Curiae* on Behalf of Appellants.

Denio, Hart, Taubman & Simpson for Respondents.

CRAIL, P. J.—This is an appeal from an order denying recovery under a "Petition for Order to Determine Interest in Estate". The will of the testator was duly admitted to probate. After the time had expired within which to contest the will and after the executor had filed his petition for final distribution, the petitioners herein filed the said petition alleging that they were sons of the testator and that they were entitled to share in the estate under the provisions of section 90 of the Probate Code, the applicable parts of which read as follows: "When a testator omits to provide in his will for any of his children . . . unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

The applicable parts of the will read as follows: "First: I declare that I am a widower, and that I have no children or grandchildren. . . . Eighth: I have, except as otherwise in this will specified, intentionally and with full knowledge omitted to provide for my heirs living at the time of my demise. Ninth: If any beneficiary under this my Last Will and Testament or Codicil thereto, or any person, who if I died intestate would be entitled to any part of my estate, should either directly or indirectly, or by procuring, aiding or abetting another, contest, seek to contest, controvert, dispute or call into question the validity of this my Last Will and Testament or Codicils thereto, or any of its provisions or any Codicil, such persons shall take nothing hereunder and I hereby specifically revoke any provisions herein made for such person or persons, and in lieu give to such a one the sum of One Dollar ($1.00) and no more."

The sole question necessary for determination on this appeal is whether the petitioners are entitled to share in the

estate under said section and this must be determined from an interpretation of the will itself. It will be observed that there is no requirement in said section either that a child be named in the will or that he be provided for therein. The section requires that the omission appear from the will to be intentional. The will in the instant case, as heretofore set out, declares on its face that testator had "intentionally and with full knowledge omitted to provide for my heirs [children]". The authorities are against the petitioner's contention. (*Estate of Hassell,* 168 Cal. 287 [142 Pac. 838]; *Estate of Lindsay,* 176 Cal. 238 [168 Pac. 113]; *Estate of Minear,* 180 Cal. 239 [180 Pac. 535].)

The language of the will is in substance the language ordinarily used by a testator where he has in mind a person or persons who, he denies, are his children and who, he fears, will claim after his death to be his children. It is obvious on the face of the will that the testator's omission to provide for these alleged children more than he did was intentional. It is obvious also from the face of the will that the testator *provided* one dollar for these alleged children if and when they should either directly or indirectly call into question the validity of any of its provisions.

It is argued by petitioners that the language of section eight of the will to the effect that the testator had "intentionally and with full knowledge omitted to provide for my heirs living at the time of my demise" should not be construed to mean and to include the testator's children, since if he had intended to exclude his children he would have used the precise word. We cannot put such a strained construction upon the word "heirs". "At law, while the word may include others, it always includes the children of a decedent." (*Estate of Hassell, supra.*) It must be remembered also that the will of the testator had long since been admitted to probate and that the capacity of the testator to recollect the natural objects of his bounty had long since been established beyond dispute. That was not an issue. There is no merit in the petitioners' contentions.

Order affirmed.

Wood, J., and Gould, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 13, 1936, and an appli-

cation by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 19, 1936.