[Civ. No. 11974.  Second Appellate District, Division Two.—October 5, 1938.]

In the Matter of the Estate of HENRY M. DIXON, Deceased. MARYAN ANDERMAN CUNDY, Appellant, v. CORA H. DIXON et al., Respondents.

Arthur C. Verge and Walter Q. Loehr for Appellant.

James A. Houlahan for Respondents.

CRAIL, P. J.—This is an appeal from an order finding that the appellant had been mentioned in and had been provided for in a will.

■ The appellant is the child of a deceased child of said Henry M. Dixon, deceased. The only place that she was mentioned or provided for in the will is clause sixth thereof, which reads as follows: "If any devisee, legatee or beneficiary under this Will, or any person claiming under or through any devisee, legatee, or beneficiary, or *any other person who, if I died wholly or partially intestate, would be entitled to share in my estate,* shall, in any manner whatsoever, directly or indirectly, contest this Will or attack, oppose or in any manner seek to impair or invalidate any provision hereof, or shall, in any manner whatsoever, conspire or cooperate with any person or persons attempting to do any of the acts or things aforesaid, or shall settle or compromise, directly or indirectly, either in or out of court, with any such contestant, or shall acquiesce in or fail to oppose such proceedings, *or shall endeavor to succeed to any part of my estate otherwise than through this Will,* then in each of the above mentioned cases, I hereby bequeath to such person or persons the sum of One Dollar ($1.00) only, and all other bequests, devises and interests in this Will given to such person or persons shall be forfeited and shall be distributed *pro rata* among such of my devisees, legatees and beneficiaries as shall not in any manner have participated in, and as shall have opposed such acts or proceedings."

Section 90 of the Probate Code, formerly section 1307 of the Civil Code, reads as follows: "When a testator omits to provide in his will for any of his children, *or for the issue of any deceased child,* whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

It is the contention of the appellant that, "It was not the intention of the testator to include the appellant under the phrase 'or shall endeavor to succeed to any part of my estate otherwise than through this will' when read in connection with the other provisions of paragraph Sixth of the will."

The question has been decided adversely to the appellant in California. In the *Estate of Kurtz,* 190 Cal. 146, 148 [210 Pac. 959], the will contained a clause almost identical with the will of the decedent in this case, and in passing upon the question whether the wife was included in the clause the court said, "This clause does not mention his wife. It is obvious, however, that she is included by the phrase, 'any person whomsoever, who if I died intestate would be entitled to any part of my estate'. In fact, so far as appears, she and the unborn child were the only persons who are included therein. . . . No reason is perceived why the wife could not be 'mentioned' by any description that would include her. Certainly it would not be necessary to mention her by name and to include her, as she was included, in the description of a class, 'mentions' her as effectually as if she had been named therein."

In *Estate of Lindsay,* 176 Cal. 238 [168 Pac. 113], the court construed a will which contained a one-dollar clause and said: "Under section 1307 of the Civil Code, two conditions must concur to entitle a child to succeed as in case of intestacy. There must be an omission to provide for the child in the Will, and the will must fail to show that the omission was intentional. . . . It must be presumed that the Testator knew the law, and when, therefore, he spoke of persons claiming to be heirs, he could have had in mind only such persons as might claim to be children or their issue. The

will, read in the light of the law of succession, shows on its face that the testator had in mind the persons, or the very class of persons here asserting a right to succeed to a portion of his estate. He did make provisions for all such persons, and the appellants, accordingly, do not bring themselves within the terms of section 1307, which is operative only where the testator 'omits to provide in his will for any of his children. . . . ' "

In *Estate of Lombard,* 16 Cal. App. (2d) 526, 528 [60 Pac. (2d) 1000], the court construed a will which contained a one-dollar clause and, among other things, the court said, "It is obvious also from the face of the will that the testator *provided* one dollar for these alleged children if and when they should either directly or indirectly call into question the validity of any of its provisions." Under section 90 of the Probate Code, to entitle a child, or the issue of any deceased child, to succeed as in the case of intestacy, there must be an omission to provide for the child in the will.

Appellant contends that paragraph sixth of the will is a clause to guard against the contest of the will only, but the language of the clause goes much further than that. It would be sufficient to guard against contests to the will if the phrases which refer to the appellant were omitted entirely. It is our duty to give some meaning to this clause if we can reasonably do so. The facts that appellant is mentioned in the will and that she is bequeathed a nominal legacy are unfortunate for appellant, but these facts do not entitle her to come under section 90 of the Probate Code.

Judgment affirmed.

Wood, J., and McComb, J., concurred.