IN THE MATTER OF THE ESTATE OF CARL RAY, DECEASED, IN RE PETITION OF ROBERT E. BARRINGER.

No. 3673

June 27, 1952. 245 P.2d 990.

See also, 68 Nev. 492, 236 P.2d 300.

*John G. Cope,* of Las Vegas, *Woodburn, Forman and Woodburn,* and *Gordon R. Thompson,* of Reno, for Appellant.

*Hawkins & Cannon,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

Respondent Robert E. Barringer filed a petition in the proceedings below seeking his share of this estate as pretermitted heir of the decedent. The petition was granted in the lower court and this appeal (from that order and from order denying new trial) has been taken by Carlita Nancy Ray, minor child of the decedent and one of the principal beneficiaries under his last will. Barringer's rights are asserted under sec. 9919, N.C.L. 1929, which provides: "When any testator shall omit to provide in his or her will for any of his or her children, or for the issue of any deceased child, unless it shall appear that such omission was intentional, such child, or the issue of such child, shall have the same share in the estate of the testator as if he or she had died intestate."

Barringer was not named in the will of testator. Appellant contends that provision was made for him under the will to the extent of $1 by virtue of a general exclusion clause and that the will upon its face demonstrates the intent of the testator to omit to provide further for him.

The facts show that in September, 1901 decedent was married under his then name of Melvin A. Barringer and that on June 18, 1902 respondent Robert E. Barringer was born of this marriage in Chicago, Illinois. Shortly after the marriage and prior to respondent's birth, decedent was confined to the Missouri state penitentiary where he remained until February, 1906. During the period of confinement his then wife secured a divorce. Following his release he visited his former wife on several occasions and throughout the years had occasional contacts with his son. The two actually saw each other no more than five or six times, the last such occasion being in 1929 or 1930. The last contact between the two was by telephone conversation in 1946.

On May 8, 1946 decedent, having established his residence in California and changed his name to Carl Ray, was married to Ida Angelot Ray. Subsequently the parties adopted a child, the appellant herein, who at the time of filing petition for probate below was 28 months old. On April 22, 1949 in Los Angeles, California, at the age of 80 years decedent executed his last will, describing himself as a resident of Las Vegas, Nevada. On July 21, 1949 he died in Los Angeles and the will subsequently was admitted to probate in the proceedings below.

The will specifies cash bequests of $6,000 with the residue left in trust for the principal benefit of the widow and minor child. The document obviously was carefully drawn, specifying in detail the properties to be included in the trust estate, the powers of the trustees and the manner in which the income was to be disbursed. Paragraph tenth of the will provides: "If any devisee, legatee or beneficiary under this Will, or any person claiming under or through any devisee, legatee, or beneficiary, or any other person who, if I died wholly or partially intestate, would be entitled to share in my estate, shall, in any manner whatsoever, directly or indirectly, contest this Will or attack, oppose or in any manner seek to impair or invalidate any provision hereof, or shall, in any manner whatsoever, conspire or cooperate with any person or persons attempting to do any of the acts or things aforesaid, or shall settle or compromise directly or indirectly, either in or out of court, with any such contestant, or shall acquiesce in or fail to oppose such proceedings, or shall endeavor to succeed to any part of my estate, otherwise than through this Will, then in each of the above mentioned cases I hereby bequeath to such person or persons the sum of One Dollar ($1.00) only, and all other bequests, devises and interests in this Will given to such person or persons shall be forfeited and shall be distributed pro rata among such of my devisees, legatees and beneficiaries as shall

not in any manner have participated in, and as shall have opposed such acts or proceedings."

In 1 Page On Wills, 967, sec. 526, with reference to the statutory protection of pretermitted heirs, it is stated: "* * * Statutes of this class were originally framed on the theory that a testator who neither provided for his children, nor expressly indicated his intention not to provide for them, must have omitted to provide for them through inadvertence; and that his probable intention could best be enforced by giving the omitted children such share as they would have taken had testator died intestate. They are thus based on the theory of mistake; and, in the cases to which they apply, they reverse the general rule that a testator is presumed to know the contents of his will, and to intend that effect shall be given thereto."

Under the provisions of sec. 9919 N.C.L. two questions are presented for our consideration: First: whether the will through paragraph tenth has "provided" for Barringer. Second: if not, whether the will demonstrates that such omission to provide was intentional. If either question be answered in the affirmative, then Barringer has failed to establish himself as a pretermitted heir.

Upon these two questions authority is in a state of confusion far from helpful. The two questions themselves frequently are confused and indiscriminately considered. Attempts to reconcile the many decisions have been made (See: Annotations, 152 A.L.R. 723, 65 A.L.R. 472; but see: 32 Ill.L.R. 1) and are here urged upon us by appellant. However the lack of consistency with which lines of distinction are drawn by the courts themselves detracts greatly from the usefulness of the authorities cited to us and, we feel, renders a full discussion of them of little value to this opinion. We cannot escape the conviction that the widespread split of authority is due in some part to the varying degrees to which the several courts may feel impelled to question the

wisdom of the statutory theory and presumption of mistake under present-day conditions; or may regard it as an infringement upon freedom of testation to be carefully hedged about with safeguards. The wisdom of such statutory provisions has been expressly questioned. See: 31 Calif.L.R. 263; 29 Col.L.R. 748. Indeed, it may well be that, assuming a child was truly forgotten, the statutory provisions are overliberal. In point of fact as opposed to theory, a child so lightly regarded by the testator and so remotely an object of his bounty as to be completely forgotten, might not reasonably expect to have received a full intestate share had he been remembered. The statute may then be said (in the absence of mistake, fraud or undue influence) to frustrate testamentary intent more frequently than it may be said fairly and truly to supply it. These considerations, however, would appear to be clearly legislative rather than judicial. In the absence of apparent testamentary intent it is not within the judicial province to substitute therefor our own views as to the proprieties and needs of each individual case and to modify or exclude application of the statutory presumption accordingly.

The nature and weight of the presumption created by our own statute has already been carefully considered by this court, In re Parrott's Estate, 45 Nev. 318, 330, 203 P. 258, 261. There it was held that failure to provide for a child "raises the presumption that [the] omission from the will was unintentional." It was stated: "Before this presumption can be overthrown and the contrary intention established in point of law, it must appear from the face of the will that the intention to omit appellant is expressed therein or implied in language so strong as to render any other conclusion unreasonable. If the import of the language of the will is not plain enough to warrant such conclusion, the presumption raised by the law must prevail * * *." Later the Supreme Court of California, In re Stevens, 83 Cal. 330, 23 P. 379, was quoted with approval as follows:

"We think that the correct rule is that the words of the will must show, * * * that the testator had the person omitted in his mind, and, having her so in his mind, had omitted to make any mention of her."

As to the first question: whether paragraph tenth has "provided" for Barringer, it is the contention of appellant that it does make provision in the sum of $1; that he falls within the class of persons there designated; that a bequest to those of a certain class is provision for all within that class.

Since we are here dealing with a statutory presumption relative to testamentary intent, the intent to provide must be regarded as an essential element in any "provision" contemplated by the statute. It should, then, appear that the testator had his child in mind and by the terms of the clause in question intended to provide for him. The language of paragraph tenth, however, shows upon its face that it was not included for dispositive purposes or for the purpose of making provision for those of any particular class. It was included for the purpose of protecting the will and the estate against attack. Its use of the language, "I hereby bequeath to such person," does not alter its status in this regard. Before any person under that paragraph would be entitled to the "bequest" there provided, he must first comply with the condition precedent of attacking the will or the estate. Such conditional and nominal "bequest," included in the will for such obvious purpose and without any intent on the part of the testator to provide for any individual or class, cannot, we feel, be considered any "provision" whatsoever. In re Frinchaboy's Estate, (Cal.App.1951) 238 P.2d 592; Wadsworth v. Brigham, 125 Ore. 428, 259 P. 299, 266 P. 875; Grace v. Hildebrandt, 110 Okla. 181, 237 P. 98. We therefore conclude that there has been an omission to provide for Barringer within the meaning of sec. 9919, N.C.L. The remaining question is whether it appears that such omission was intentional.

Appellant first contends that the language of paragraph tenth itself shows an intent to omit to provide for Barringer. Our attention is specifically drawn to the following portion of that paragraph: "If * * * any other person who, if I died wholly or partially intestate, would be entitled to share in my estate * * * shall endeavor to succeed to any part of my estate, otherwise than through this will, then * * * I hereby bequeath to such person or persons the sum of One Dollar only, * * *." It is stated that Barringer is the only person to whom this language could apply and therefore the testator must have had Barringer in mind in so providing.

This contention we must reject. Just as this paragraph shows lack of dispositive intent, so it shows lack of intent to disinherit any particular person or those of any class. If the testator had anything at all in mind here, it was that someone—anyone at all—might assert rights against the will or against the estate contrary to the provisions of the will; that the will and the estate should be protected against the assertion of any such rights. That Barringer falls within the scope of the protection thus afforded cannot, we feel, demonstrate that the testator had him personally in mind any more than that he had in mind every other person in the world against whose assertion of rights he had provided.

Appellant contends that a distinction is recognized under statutes similar to ours between a "bare no-contest clause" and a "general exclusion clause"; that under such distinction the latter is recognized as showing intent to disinherit every person falling within its provisions. We must concede that certain authorities have recognized such a distinction although, as we have already indicated, it is far from clearly or consistently drawn. Appellant then asserts that paragraph tenth is more than a "bare" no-contest clause since it protects the estate not only against a contest of the will, but against the assertion of any rights to succeed to the

estate otherwise than through the will; that since this paragraph is more than a bare no-contest clause it must be regarded in the same light as an exclusion clause. We cannot concur in this reasoning. (But see: In re Dixon's Estate, infra.)

What we seek to find in the will is not the extent of protection or exclusion afforded, but rather an indication of testamentary intent to disinherit. The so-called exclusion clause in its ordinary limited form may be said reasonably to demonstrate such an intent, whether it be by nominal provision ("I hereby give and bequeath unto each of my heirs at law not elsewhere herein mentioned or provided for, the sum of $1"; In re Benolken's Estate, 122 Mont. 425, 205 P.2d 1141, 1142); or by expressed intent to disinherit ("I have, except as otherwise in this will specified, intentionally and with full knowledge, omitted to provide for my heirs living at the time of my demise"; In re Lombard's Estate, 16 Cal. App.2d 526, 60 P.2d 1000, 1001.) In either case it may well be said that the expression used demonstrates that the testator had in mind the existence of members of the designated class. No such "having in mind" can be assumed from the language of paragraph tenth. That paragraph is purely a general protective device as consistent with pretermission as with remembrance. The scope of the protection afforded reflects simply the degree of care used in preparation of the will, the clear intent being to protect against everyone. A general exclusion of "all persons not mentioned" is not sufficient to show that a specific omission was intentional. In re Price's Estate, 56 Cal.App.2d 335, 132 P.2d 485. So the testator here cannot be said to have had in mind the existence of members of any particular class against whom such protection was afforded. Certainly it cannot be said that the expression of testamentary intent to disinherit (if such may be found) is strong or plain enough to meet the requirements of In re Parrott's Estate, supra.

Appellant relies heavily upon the case of In re Dixon's Estate, 28 Cal.App.2d 598, 83 P.2d 98. That case dealt with a clause identical in language with our paragraph tenth and squarely supports appellant's position. In the light of subsequent California decisions, however, we do not feel that it can be said authoritatively to reflect the law of that state today. See: In re Price's Estate, supra; In re Frinchaboy's Estate, supra.

Further pressing upon us In re Dixon's Estate, supra, appellant contends that the testator, having drawn and executed his will in California, by using the identical language under consideration in that California case must be considered as having intended it to have the very effect there given it. We do not feel, however, that the source of the protective language used is of any aid in determining whether the testator had in mind the existence of a son. The fact that obviously he must have intended the clause to be effective is not sufficient in the absence of any indication of remembrance.

We conclude that paragraph tenth does not demonstrate that, upon the execution of his will, the testator had Barringer in mind and intended not to provide for him.

Appellant finally contends that the will, when considered in its entirety, demonstrates an intention to disinherit Barringer. Our attention is directed to the detail with which the will was drawn and with which the testator's scheme of distribution was expressed; to the care taken by him to safeguard the interests of his widow and minor child and to assure that the estate remained intact. Our attention is directed to paragraph first of the will, reading as follows: "I declare that I am a married man and that my wife is IDA ANGELOT RAY: that at the time of the making of this Will I have one child living, a girl, namely, CARLITA NANCY RAY, who is approximately twenty-five (25) months of age."

The holding of this court, In re Parrott's Estate, supra, is clear to the effect that these matters "can have no bearing upon the question," and are "entirely consistent with the presumption raised by the statute that [the child] was unintentionally omitted from the will." Indeed, considering the care with which the will was drawn and the infrequent contacts between the testator and his son, the statements of paragraph first would seem to strengthen rather than weaken the statutory presumption that Barringer had been forgotten.

Judgment and order of the trial court are affirmed with costs.

BADT, C. J., and EATHER, J., concur.

ORDER DENYING PETITION FOR REHEARING
July 17, 1952.

*Per Curiam:*

**Rehearing denied.**