[Civ. No. 5102.   Fourth Dist.   Jan. 14, 1955.]

Estate of ELIZABETH L. LABRIE, Deceased. WILLIAM ATWOOD, Appellant, v. VELMA A. LaVOY, Respondent.

Brooks Crabtree and Charles E. Burch, Jr., for Appellant.

Ruel Liggett, Roy M. Cleator, E. C. Davis and Olney R. Thorn for Respondent.

BARNARD, P. J.—This is an appeal from an order determining heirship and construing a will. The testatrix died on September 23, 1952, leaving a will dated May 19, 1949, at which time she was 60 years of age. The first paragraph of the will reads:

"I declare that I am married, the name of my husband being LOUIS R. LABRIE, and that we have no children of our marriage; but that I have one child of a previous marriage, whose name is now Velma Blanche LaVoy."

The second paragraph requests her executor to pay any debts owed by her. The third paragraph reads:

"I give, devise and bequeath any and all property of any kind whatever, real, personal or mixed, and wheresoever the same might be situated, of which I may die seized or possessed or to which I may be entitled at the time of my death, to my husband, LOUIS R. LABRIE, to have and to hold the same as his sole and separate property."

The fourth paragraph leaves her entire estate to her nephew William Atwood, in the event of the previous death of her husband. The fifth paragraph reads:

"To any other person whom I may have either intentionally or unintentionally omitted from mentioning in this My Last Will and Testament, I leave the sum of ONE DOLLAR ($1.00), upon such person proving just claim thereto."

The will was admitted to probate, the testatrix' husband having predeceased her, and the Bank of America was appointed executor. The daughter Velma LaVoy, under the name of Velma A. LaVoy, filed a contest of the will after probate alleging that her mother was not of sound mind when the will was executed, that the execution of the will was obtained by undue influence, and that she was entitled to the property under section 90 of the Probate Code in that she was a child of the deceased and it does not appear from the will that the testatrix intentionally omitted providing for her. The executor filed a petition for construction of the will and a determination of heirship in connection therewith, alleging that the question with respect to the application of section 90 of the Probate Code should be determined by the court.

At a jury trial upon the contest the court ruled as a matter of law that there was no evidence legally sufficient to warrant the submission of the issue as to mental capacity to the jury, and submitted the issue of undue influence as the only issue to be determined by the jury. The jury specially found that the will had not been executed as the result of any undue

influence. The court entered a judgment upon the verdict, and decreed that the petition for a revocation of the probate of the will be denied. The court then made an order determining heirship and construing the will, decreeing that Velma A. LaVoy is a pretermitted child of the deceased and her only heir at law, and that by reason of section 90 of the Probate Code Velma A. LaVoy succeeds to the same share of the estate as if the testatrix had died intestate. It was further ordered that the executor distribute the entire estate, less administration expenses, to the said pretermitted heir, Velma A. LaVoy. William Atwood, as sole beneficiary under the will, has appealed from that order.

The sole question presented is whether or not the respondent Velma A. LaVoy was disinherited by this will; whether the omission to provide for her was intentional within the meaning of section 90 of the Probate Code. That section, so far as material here, reads:

"When a testator omits to provide in his will for any of his children, . . . unless it appears from the Will that such omission was intentional, such child . . . succeeds to the same share in the estate of the testator as if he had died intestate."

Most of the problems in construing this section have arisen in cases where the omitted person was not specifically mentioned in the will, and where the solution has depended entirely upon construing the other language used in the will. It is well settled that in order for a successful claim to be made under section 90 "there must be an omission to provide for the child in the will, and the will must fail to show that the omission was intentional." (*Estate of Lindsay*, 176 Cal. 238 [168 P. 113].) Under the statute it must appear from the will itself that the omission was intentional. The words of the will must show that the testator had the omitted persons in mind and, although having them in mind, has intentionally omitted to provide for them. (*Estate of Trickett*, 197 Cal. 20 [239 P. 406] ; *Estate of Talmage*, 114 Cal.App.2d 18 [249 P.2d 345].) It was said in *Estate of Hassell*, 168 Cal. 287 [142 P. 838], that in order to disinherit children "the intent that they shall not so share must appear upon the face of the will strongly and convincingly." In *In re Stevens*, 83 Cal. 322 [23 P. 379, 17 Am.St.Rep. 252], the court said:

"We think that the correct rule is, that the words of the will must show, as above pointed out, that the testator had

the person omitted in his mind, and having her so in his mind, had omitted to make any mention of her.''

It would seem that an intention to disinherit would naturally and usually appear where the omitted person is actually named and described as a child, and then is omitted as a beneficiary by a provision leaving the entire estate to another. An intentional omission is further indicated here by another provision leaving the entire estate to the nephew, in the event of the previous death of the husband. In *Estate of Fanning*, 8 Cal.2d 229 [64 P.2d 951], in a will stating that ''having in mind my children'' and then naming four sons, the testator left his entire estate to a named daughter. It was there held that the expression ''having in mind my children,'' as there used, disclosed an intentional omission of the four sons so that they would not take as pretermitted heirs. A similar situation here appears, and we see no distinction in principle between the facts of that case and those here involved.

This will itself discloses, beyond question, that the testatrix had this daughter in mind, and that she omitted to provide for her. All that the statute requires is that it shall also appear from the will that ''such omission was intentional.''

In this will, immediately after naming this child, the testatrix disposed of her entire estate by leaving it to another, with a further provision for a contingent beneficiary, as to the entire estate, in the event of the previous death of the first. An intentional omission to provide for this child could not more clearly be made to appear, except by actually stating in the will that nothing was left to the child thus named. The respondent argues that there must be some such ''apt language to demonstrate an attempt to disinherit.'' To require such an express statement would be to add something to the statute which the Legislature did not see fit to require. Under the established rules we think it clearly and convincingly appears from the will itself that the testatrix not only had this daughter in mind, but, having her in mind, intentionally omitted any provision for her.

While the respondent does not come within the class referred to in the fifth paragraph, since she was mentioned in the will, that paragraph rather strongly indicates that the testatrix intended to make no provision for anyone except her named beneficiaries and that she was not omitting to provide for this daughter by mere inadvertence.

Under the statute and the established rules, it must be held

that the trial court's construction of this will is not sustained by the language therein used. The order appealed from is reversed, with instructions to order distribution of this estate in accordance with the views herein expressed.

Griffin, J., and Mussell, J., concurred.