[L. A. No. 23858. In Bank. June 28, 1956.]

FRANCES VAN STRIEN, Appellant, v. ARCHIE R. JONES, as Executor, etc., Respondent.

Bernice M. Coady and Joseph K. Coady for Appellant.

Herbert C. Naylor for Respondent.

SHENK, J.—This is an appeal from a judgment for the defendant after a demurrer to the complaint had been sustained without leave to amend.

Henry Robert Ludwig died testate on July 23, 1952. Surviving him were the plaintiff, Frances Van Strien, a daughter by a former marriage, and the widow Mary E. Ludwig who was appointed executrix of the will of her deceased husband. The entire estate was distributed to the widow in

accordance with the terms of the will and the decree of distribution became final. The present action was brought against the widow individually alleging that the plaintiff was a pretermitted heir of the deceased and that the defendant held property which came into her possession by way of a constructive trust in the plaintiff's favor. Since the commencement of the action the defendant Mary E. Ludwig died and Archie R. Jones was appointed executor of her will. References to the defendant will be deemed to be to Mary E. Ludwig.

In her complaint the plaintiff alleges that the defendant's petition for admission of the will to probate falsely stated that the defendant was the only heir of the deceased; that the defendant made such statement to prevent the plaintiff from knowing of or participating in the probate proceedings; that a similar false statement was made in the defendant's petition for the decree of distribution and the decree which followed was based thereon; that the plaintiff did not receive a notice of the probate proceedings, and that she did not know of her father's death until over a year after the decree of distribution was entered.

The main question involved on the appeal is whether the plaintiff is a pretermitted heir under section 90 of the Probate Code. That section provides: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate." If the plaintiff is a pretermitted heir it appears that her complaint alleges sufficient facts to entitle her to relief from the decree of distribution. (See *Federal Farm Mtg. Corp.* v. *Sandberg*, 35 Cal.2d 1 [215 P.2d 721]; *Gale* v. *Witt*, 31 Cal.2d 362 [188 P.2d 755]; 20 Cal.Jur.2d, Executors and Administrators, p. 110.)

The defendant claims that the deceased by a clause contained in his will disinherited the plaintiff in terms sufficient to satisfy section 90. That clause provides: "If any person who is, or claims under or through, a devisee, legatee, or beneficiary under this Will, or any person who if I died

intestate would be entitled to share in my estate, shall, in any manner whatsoever, directly or indirectly contest this Will . . . then I hereby bequeath to each such person the sum of One Dollar ($1.00) only. . . ."

██ It is well settled that where in a will a testator's child is intentionally omitted or given $1.00 or any other sum, section 90 of the Probate Code is satisfied although the child is not mentioned by name. (*Estate of Minear,* 180 Cal. 239 [180 P. 535]; *Estate of Lindsay,* 176 Cal. 238 [168 P. 113]; *Estate of Hassell,* 168 Cal. 287 [142 P. 838]; *Estate of Doell,* 113 Cal.App.2d 37 [247 P.2d 580].) ██ The use of such terms as "relatives" and "children" have been held sufficient to designate heirs who might otherwise be pretermitted (*Estate of Trickett,* 197 Cal. 20 [239 P. 406]; *Rhoton* v. *Blevin,* 99 Cal. 645 [34 P. 513]; *cf. Estate of Utz,* 43 Cal. 200), but such generalities as "anyone who may contest this will" and "any other person" do not include heirs otherwise pretermitted (*Estate of Price,* 56 Cal.App.2d 335 [132 P.2d 485]; *Estate of Cochran,* 116 Cal.App.2d 98 [253 P.2d 41]).

██ In the present case the will, in addition to providing generally for "any person" who claims under the will, also provides that if "any person who if I died intestate would be entitled to share in my estate" should contest the will he bequeaths to such person the sum of $1.00. In *Estate of Kurtz,* 190 Cal. 146 [210 P. 959], the testator provided: "I . . . disinherit each and all persons whatsoever claiming to be, and who may be, my heirs at law . . . and if any of such parties or such heirs, or any person whomsoever *who, if I died intestate, would be entitled to any part of my estate* . . . seek or establish or assert any claim to my estate . . . I hereby give and bequeath to said person or persons the sum of One ($1.00) Dollar. . . ." The portions of that will which have been emphasized are almost identical with the clause in the will in the present case. In *Estate of Dixon,* 28 Cal.App. 2d 598 [83 P.2d 98], the will also "contained a clause almost identical with the will of the decedent in" the Kurtz case. (See also *Estate of Lindsay, supra,* 176 Cal. 238; *Estate of Hassell, supra,* 168 Cal. 287; *Estate of Lombard,* 16 Cal.App. 2d 526 [60 P.2d 1000].) In all of the foregoing cases it was held that children or grandchildren of the testator were not pretermitted where the wills referred to them only as "heirs not herein mentioned," or "persons claiming to be heirs,"

or as in the present case, "persons who if I died intestate would be entitled to any part of my estate." Such provisions in wills are guards against specific contests of the will, as distinguished from provisions whereby the testator bequeaths $1.00 or other sum to "anyone who may contest this will." (*Estate of Cochran, supra,* 116 Cal.App.2d 98.) The wills in the Kurtz and other cases herein cited to like effect make definite and specific reference to persons who, by the laws of succession, would be entitled to participate in the testator's estate had he died intestate, or had he died testate but failed to mention them in his will or otherwise provide for them. Those cases support the conclusion of the trial court in sustaining the demurrer.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Spence, J., and McComb, J., concurred.

CARTER, J.—I dissent.

The crucial clause in the will is nothing more than a "no contest" provision and does not purport to show a provision for or disinheritance of deceased's daughter; it does not show that deceased testator had her in mind.

Before it may be said that section 90 of the Probate Code has been satisfied it must appear from the will that the testator had his child in mind, and intentionally omitted her as a legatee from his will. This has been stated repeatedly in many cases. It is said in *In re Salmon,* 107 Cal. 614, 617 [40 P. 1030, 48 Am.St.Rep. 164]: "It is further contended, however, that the fact that the testator mentions the widows of his deceased sons, the mothers of the omitted grandchildren, is sufficient, of itself, to show, without resort to extrinsic facts, that the testator had his grandchildren in his mind, and rebuts the presumption that they were forgotten. This position is equally untenable with the first. While the authorities of other states are far from being uniform or harmonious upon the subject it is well settled in this state that the mere fact that a testator mentions one closely related by blood or intimately associated in family relations with the omitted heir, does not show, as matter of construction, that the omitted one *was in his mind and that the omission was intentional.* (*Estate of Utz,* 43 Cal. 200; *Bush* v. *Lindsey,* 44 Cal. 121; *In re Stevens, supra* [83 Cal. 322 (23 P. 379, 17 Am.St.Rep. 252)].) In *Bush* v. *Lindsey,*

*supra,* the testator devised his property to the child of a deceased son, but did not mention children of the testator then living. It was held that this did not show that he had his children in mind and intended to omit them. In *In re Stevens, supra,* the testator failed to mention or provide for his daughter, but left a legacy to her child, the testator's grandson; and it was held that the fact that he mentioned his daughter's child did not necessarily imply that the daughter was in his mind, and she was permitted to take as a pretermitted heir.'' (Emphasis added.) In *In re Stevens,* 83 Cal. 322 [23 P. 379, 17 Am.St.Rep. 252], the testator failed to mention or provide for his daughter but left her child, the testator's grandson, a legacy. It was held the daughter was pretermitted, the court stating (p. 329) : ''[I]t [intentional omission] must appear on the face of the will, and it must then appear from words which indicate such intent directly, or by implication equally as strong. Any other rule would lead to guesses or to inferences merely conjectural, which would be too unsubstantial to base a judgment on. We do not think that we can say with any reasonable certainty that the words used in the will indicate that Mrs. Hubbard was in the mind of the testator when he wrote his will, and that he intentionally omitted to mention her. We think that the correct rule is, that the words of the will must show, as above pointed out, that the *testator had the person omitted in his mind,* and having her so in his mind, had omitted to make any mention of her.

''The rule here laid down is plain and simple, and we think in accordance with the statute, as interpreted in the Garraud case, it is an easy matter to put the question beyond a doubt by naming the children or grandchildren in the will, with a nominal legacy, or none at all, from which it will clearly appear that these persons are in the mind of the testator, and therefore the omission to leave them anything must have been intentional.'' (Emphasis added.) It is said in *Estate of Eggleston,* 129 Cal.App.2d 601, 607 [277 P.2d 469] : ''Under the statute [section 90] an heir is intentionally omitted from a will if it appears from the will that the testator *had the omitted person in mind,* and having him in his mind, has omitted him from the provisions of the will. (*Estate of Trickett,* 197 Cal. 20, 23 [239 P. 406] ; *Estate of Talmage,* 114 Cal.App.2d 634, 637 [247 P.2d 131].)'' (Emphasis added.) In *Estate of Labrie,* 130 Cal.App.2d 235, 237 [278 P.2d 760], the court said: ''Under the statute

[section 90] it must appear from the will itself that the omission was intentional. The words of the will must show that the testator had the omitted persons in mind and, although having them in mind, has intentionally omitted to provide for them. (*Estate of Trickett,* 197 Cal. 20 [239 P. 406]; *Estate of Talmage,* 114 Cal.App.2d 18 [249 P.2d 345].) It was said in *Estate of Hassell,* 168 Cal. 287 [142 P. 838], that in order to disinherit children 'the intent that they shall not so share must appear upon the face of the will strongly and convincingly.' " (See *Estate of Todd,* 17 Cal. 2d 270 [109 P.2d 913]; *Estate of Utz,* 43 Cal. 200, 203-204.) The ordinary "contest clause," that is, leaving a small amount or nothing to anyone who contests the will is not enough, although the language used, "*anyone,*" is broad and inclusive. The court so held in *Estate of Cochran,* 116 Cal.App. 2d 98, 100 [253 P.2d 41], stating: "In the *Estate of Price, supra,* 56 Cal.App.2d 335, the court had occasion to consider a clause reading as follows: 'I purposely refrain from leaving anything . . . to any other person or persons, and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any such person or persons contesting said will the sum of $1 and no more, hereby declaring that I have only at this date two surviving children, to wit: my said two sons above named.' There the testatrix left surviving her not only the two sons mentioned in her will but two grandchildren, children of a previously deceased son of the testatrix. Upon the hearing of a petition filed on behalf of the grandchildren, the trial court held that they were pretermitted heirs of the deceased and entitled to their proportionate share of the estate. The District Court of Appeal, in affirming the decree, considered all of the authorities cited above and held them inapplicable by reason of the fact that the language of the will made mention only of 'persons' contesting the will and not to heirs. The court, after referring to the *Estate of Lindsay,* 176 Cal. 238 [168 P. 113], and observing that our Supreme Court therein 'discussed and distinguished' the case of *Hargadine* v. *Pulte,* 27 Mo. 423, proceeds as follows (p. 338):

" 'In that case (*Hargadine* v. *Pulte*) the excluding clause covered all and every person or persons. Our Supreme Court said that from these words it was not apparent "on the face of the will" that the testator intended to distinguish between his living children and his grandchildren.

" 'Turning to the will of Mrs. Price we find nothing which brings it within this rule. The grandchildren are not mentioned and nothing is contained therein which would indicate that the testatrix had them in mind when the will was executed. The language excluding "any other person or persons" is the same as that found in the Hargadine case which we have just referred to. The clause as a whole is the ordinary "no contest" clause which is designed to prevent a contest of a will which frequently brings to life the private life and conduct of the decedent. That this is what the testatrix had in mind when she referred to "any other person or persons" is made clear by the language following where she gave to "such person or persons contesting said will" the sum of one dollar. Now it is settled law that a pretermitted heir seeking his interest under this section of the code is not a contestant and does not contest the will. His rights vest absolutely upon the death of the testator and, so far as his particular interest is concerned, there is no will. (*Estate of Sankey*, 199 Cal. 391, 405 [245 P. 517].)'

"And at page 339 the court continues as follows:

" 'The plain terms of the code section calling for a showing upon the face of the will that "such omission was intentional" preclude a holding that a general exclusion of all persons not mentioned is sufficient. If such a general exclusion clause were sufficient the next step would be one declaring "my wife my sole heir" which was held insufficient in *Bradley* v. *Bradley*, 24 Mo. 311, and in which the Missouri court said (p. 320): "And in reading the testator's will in this case, it is not in the power of the court, from the will alone, to say whether the testator had a child living or not, or whether he ever had one. As to the children of the testator the will is a mere blank." We could say the same here, and if we were to reverse the case, it would be necessary to indulge in judicial legislation, and to declare that the section of the code did not require the "intentional" omission of an heir to appear upon the face of the will.' " *Estate of Price*, 56 Cal.App.2d 335 [132 P.2d 485], is particularly in point. There the testator provided in his will that he refrained from leaving anything to "any other person" and if "any other person" contests the will he shall receive $1.00. It was held that there was no intentional omission of the child of a deceased child.

The clause in the instant will says that if any person

who would be entitled to share in deceased's estate, if he died intestate, shall contest the will he shall receive $1.00 only. It is nothing more than a contest clause and the reference "any person" no more shows that he had his daughter in mind than the "any person" words in the Price and Cochran cases, *supra*. A case very similar to the instant one is *In re Ray's Estate*, 69 Nev. 204 [245 P.2d 990], where the testator had a son born many years before he made his will in which he provided the same as in the instant case (p. 991 [245 P.2d]): "If . . . any other person who, if I died wholly or partially intestate, would be entitled to share in my estate, shall, in any manner whatsoever, directly or indirectly, contest this Will or attack, oppose or in any manner seek to impair or invalidate any provision hereof, or shall, in any manner whatsoever . . . or shall endeavor to succeed to any part of my estate, otherwise than through this Will, then in each of the above mentioned cases I hereby bequeath to such person or persons the sum of One Dollar ($1.00) only. . . ." The court held this was insufficient to disinherit a son under a statute the same as ours, stating (p. 992 [245 P.2d]): "[T]wo questions are presented for our consideration: First: whether the will through paragraph tenth [above quoted] has 'provided' for Barringer. Second: if not, whether the will demonstrates that such omission to provide was intentional. If either question be answered in the affirmative, then Barringer has failed to establish himself as a pretermitted heir.

"Upon these two questions authority is in a state of confusion far from helpful. . . . We cannot escape the conviction that the widespread split of authority is due in some part to the varying degrees to which the several courts may feel impelled to question the wisdom of the statutory theory and presumption of mistake under present day conditions; or may regard it as an infringement upon freedom of testation to be carefully hedged about with safeguards. . . . In the absence of apparent testamentary intent it is not within the judicial province to substitute therefor our own views as to the proprieties and needs of each individual case and to modify or exclude application of the statutory presumption accordingly.

"The nature and weight of the presumption created by our own statute has already been carefully considered by this court in *In re Parrott's Estate*, 45 Nev. 318, 330 [203 P. 258, 261]. There it was held that failure to provide for a child 'raises the presumption that [the] omission from the

will was unintentional.' . . . Later the Supreme Court of California, *In re Stevens,* 83 Cal. 330 [23 P. 379, 17 Am.St. Rep. 252], was quoted with approval as follows: 'We think that the correct rule is that the words of the will must show, . . . that the testator had the person omitted in his mind, and, having her so in his mind, had omitted to make any mention of her.' . . .

"Since we are here dealing with a statutory presumption relative to testamentary intent, the intent to provide must be regarded as an essential element in any 'provision' contemplated by the statute. It should, then, appear that the testator had his child in mind and by the terms of the clause in question intended to provide for him. The language of paragraph tenth, however, shows upon its face that *it was not included for dispositive purposes or for the purpose of making provision for those of any particular class.* It was included for the purpose of protecting the will and the estate against attack. Its use of the language, 'I hereby bequeath to such person,' does not alter its status in this regard. Before any person under that paragraph would be entitled to the 'bequest' there provided, he must first comply with the condition precedent of attacking the will or the estate. Such conditional and nominal 'bequest', included in the will for such obvious purpose and without any intent on the part of the testator to provide for any individual or class, cannot, we feel, be considered any 'provision' whatsoever. . . . We therefore conclude that there has been an omission to provide for Barringer within the meaning of § 9919, N.C.L. The remaining question is whether it appears that such omission was intentional.

"Appellant first contends that the language of paragraph tenth itself shows an intent to omit to provide for Barringer. . . . It is stated that Barringer is the only person to whom this language could apply and therefore the testator must have had Barringer in mind in so providing.

"This contention we must reject. *Just as this paragraph shows lack of dispositive intent, so it shows lack of intent to disinherit any particular person or those of any class. If the testator had anything at all in mind here, it was that someone—anyone at all—might assert rights against the will or against the estate contrary to the provisions of the will;* that the will and the estate should be protected against the assertion of any such rights. That Barringer falls within

the scope of the protection thus afforded *cannot, we feel, demonstrate that the testator had him personally in mind any more than that he had in mind every other person in the world against whose assertion of rights he had provided. . . .*

"What we seek to find in the will is not the extent of protection or exclusion afforded, but rather an indication of testamentary intent to disinherit. The so-called exclusion clause in its ordinary limited form may be said reasonably to demonstrate such an intent, whether it be by nominal provision . . . or by expressed intent to disinherit. . . . In either case it may well be said that the expression used demonstrates that the testator had in mind the existence of members of the designated class. *No such 'having in mind' can be assumed from the language of paragraph tenth.* That paragraph is purely a general protective device as consistent with pretermission as with remembrance. The scope of the protection afforded reflects simply the degree of care used in preparation of the will, the clear intent being to protect against everyone. A general exclusion of 'all persons not mentioned' is not sufficient to show that a specific omission was intentional. *In re Price's Estate,* 56 Cal.App.2d 335 [132 P.2d 485]. So the testator here cannot be said to have had in mind the existence of members of any particular class against whom such protection was afforded. Certainly it cannot be said that the expression of testamentary intent to disinherit (if such may be found) is strong or plain enough to meet the requirements of *In re Parrott's Estate, supra.*" (Emphasis added.)

Here the deceased testator did not show in his will that he had his child (appellant) in mind and intentionally omitted to provide for her. On the contrary it appears that he had forgotten her. As indicated in pretermission of a spouse (Prob. Code, § 70): "It being necessary for the testator to have 'in mind' a 'momentous' occasion such as marriage, it follows that merely naming or giving a legacy to a person by name, as was done in the case at bar, with no indication that she may be a prospective spouse, is not enough to prevent revocation. That indication must appear on the face of the will, and extrinsic evidence is not admissible to show the testator's intention, at least unless there is some ambiguity. As in the Duke case a legacy to a named person alone, although the named person is later married to the testator, creates no ambiguity; it is merely 'noncommittal' as were

the words 'heirs at law' in the Duke case.'' (*Estate of Poisl,* 44 Cal.2d 147, 149 [280 P.2d 789].)

*Estate of Kurtz,* 190 Cal. 146 [210 P. 959], was overruled by *Estate of Axcelrod,* 23 Cal.2d 761 [147 P.2d 1]. *Estate of Dixon,* 28 Cal.App.2d 598 [83 P.2d 98], is clearly wrong and out of harmony with the Price and Cochran cases, *supra,* and should be disapproved.

I would reverse the judgment.

Schauer, J., concurred.

Appellant's petition for a rehearing was denied July 24, 1956. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.