JOHN W. McKIM, Judge of Probate, *vs.* EMILY HARWOOD & others.

Suffolk.   March 19. — June 30, 1880.   AMES & LORD, JJ., absent.

A testator, by the first clause of his will, of which he appointed his wife executrix, gave to her all his personal property, and, by the second clause, he gave to her all the income of his real estate during her lifetime, "and, at her decease, the property remaining to be divided equally " among his children. *Held*, that the widow took the personal property absolutely as legatee, and, there being no creditors of the estate, she had the right to pay and appropriate it to herself.

The failure of an executor, who, as sole legatee under the will, there being no creditors, is the only person interested in the disposition of the estate, to file an inventory and to render an account within the time prescribed by law, is a technical breach of his bond, which is cured by filing the inventory and rendering the account before suit on the bond.

CONTRACT against the principal and sureties upon a probate bond given by Emily Harwood as executrix of the will of her husband, John Harwood. She was defaulted, and the action was defended by the sureties. Hearing before *Endicott*, J., who found that there was a breach of the bond, ordered judgment for the plaintiff, and sent the case to an assessor to assess the damages; and the defendants alleged exceptions to the above finding. The assessor made and returned his report to the court, and, at the hearing, *Lord*, J. affirmed the findings of the assessor in matters of fact, and ruled as matter of law that the plaintiff was entitled to nominal damages only; and the plaintiff alleged exceptions. The facts appear in the opinion.

*B. F. Butler & C. Cobb*, for the plaintiff.

*N. Morse & W. F. Merritt*, for one of the sureties.

*C. Allen*, for the other surety.

MORTON, J. The first question is whether there has been any breach of the bond. The material parts of the will of John Harwood are as follows:

"First. I give and bequeath to my beloved wife, Emily Harwood, all my personal estate, wearing apparel, household furniture, and also all my personal property, such as money at interest, notes, bank stocks, money in the savings, and all that I may hereafter acquire.

"Second. I also give and devise to my wife, Emily Harwood, all the income of my real estate during her lifetime, for the purpose of enabling her to maintain a home for herself and my children during her lifetime; and at her decease the property remaining to be divided equally amongst children, Henry T. Harwood, Mary E. Harwood and Emily Harwood, should they survive their parents; if they should not, to be divided amongst their legal heirs. I also appoint my beloved wife, Emily Harwood, to be my sole executrix of this my last will and testament."

By the first clause, the testator, in clear and unambiguous language, gives to his wife absolutely his personal property. Standing by itself, it will admit of no other construction. The plaintiff contends that the words in the second clause, " and at her decease the property remaining to be divided equally amongst children," apply to the gift in the first clause and cut it down to a life estate. This is not the natural or reasonable

construction of the will. An absolute gift, so clearly expressed, cannot be qualified or cut down by a subsequent provision, unless such provision clearly applies to it and shows beyond doubt that such was the testator's intention. The words "the property remaining" have their full force by referring them to the real estate, and cannot by any fair rule of construction be referred to the personal property, which is given absolutely to the wife. *Howland* v. *Howland,* 100 Mass. 222. We are therefore of opinion that, under the will, the widow took the personal property absolutely as a legatee.

This being so, the plaintiff has not shown any maladministration of the estate which renders the sureties upon her bond liable to this action. As legatee, she had the right to take and appropriate the personal property. There are no creditors, and she alone is interested in the disposition of the property. Such appropriation is an accounting for the personal estate, which relieves the sureties from responsibility. *Mattoon* v. *Cowing,* 13 Gray, 387.

The plaintiff also assigns as breaches of the condition of the bond, that the executrix did not return an inventory within three months from her appointment, and did not render an account within one year. It appears, however, that an inventory was taken, though not filed within three months; and that the executrix filed the inventory and rendered an account in the Probate Court before this suit was commenced. This was a matter of form rather than of substantial importance, as the executrix was the only person who had any interest in the disposition of the estate; and we are of opinion that it cured any technical breach of the bond caused by the failure to file them at an earlier date. After this, the failure to file the inventory or render the account ceased to be a ground of complaint, or a cause for a suit upon the bond. *Loring* v. *Kendall,* 1 Gray, 305.

We have thus considered all the questions necessary to the decision of this case. In the view we have taken, the question as to the ownership of the funds deposited by the testator in the savings bank in his name as trustee becomes immaterial. If they were part of the estate, the executrix has properly accounted for them; if they were not, she is not accountable, and the sureties are not liable for them.

The result is that, as the plaintiff has failed to prove either of the breaches of the condition of the bond assigned by him, he cannot maintain this action.  *Plaintiff's exceptions overruled.*
*Defendants' exceptions sustained.*