[Sac. No. 818.  In Bank.—May 11, 1901.]

WILLIAM LAND, Appellant, v. GEORGE H. CLARK, Respondent.

ELECTIONS — PURITY OF ELECTIONS ACT — SUFFICIENT STATEMENT BY CANDIDATE — RECEIPTS — EXPENDITURES — SUNDRIES AND INCIDENTALS — OFFICE NOT FORFEITED. — A statement made and filed under the Purity of Elections Act, by a successful candidate for office, which shows that no money was received by him, that $200 was contributed by him to a party committee for campaign purposes, and that $22.65 was paid by him for sundries and incidentals, without specially itemizing them, does not disclose any substantial defect or bad faith, and the failure to itemize the sundries and incidentals, if it be a defect, is trivial and unimportant. The statement, as a whole, is sufficient to prevent a forfeiture of the office.

ID. — NEGATIVE FACTS NOT REQUIRED IN STATEMENT. — The statute only contemplates a record of affirmative matters, and does not require negative declarations. The declaration in the statement, that no money was received, goes beyond the demands of the statute.

ID. — CONTRIBUTION FOR CAMPAIGN PURPOSES — PRESUMPTION — STATEMENT — SUBSTANTIAL COMPLIANCE WITH LAW. — A contribution for campaign purposes, paid to the regularly constituted committee of a political party, is allowable and proper under the law; and it will be presumed that the money so contributed was to be expended in a lawful way. A statement showing the nature and amount of such contribution, to whom it was paid, and for what purpose, is in substantial compliance with the law.

ID. — SUNDRIES AND INCIDENTALS — VOUCHERS — REASONABLE CONSTRUCTION OF STATUTE — TRIVIAL DEPARTURE NOT GROUND OF FORFEITURE. — The Purity of Elections Act, allowing the sum of one hundred dollars to be paid for necessary incidental expenses, and not requiring vouchers for such expenditures in amounts less than five dollars, is to be reasonably construed, as not intended to invalidate the election of a candidate for stating a small aggregate sum of incidental expenditures, without stating each small item for which no voucher would be required; and, under section 13 of that act, trivial, unimportant, and limited violations of the act, not arising from any want of good faith, are not ground for avoiding the election or forfeiting the office.

APPEAL from an order of the Superior Court of Sacramento County dissolving an injunction. Joseph W. Hughes, Judge.

The facts are stated in the opinion of the court.

Holl & Dunn, for Appellant.

Albert M. Johnson, Hiram W. Johnson, and Charles T. Jones, for Respondent.

GAROUTTE, J.— Defendant was elected to the office of mayor of the city of Sacramento, and plaintiff was his predecessor in office. When the time arrived for defendant to take possession of his office, plaintiff refused to give him possession, and this litigation thereupon arose. The action is in the nature of a proceeding in injunction, and many questions of law are raised upon this appeal. The court only finds it necessary to consider a single one of these questions.

Plaintiff relies upon various provisions of the Purity of Elections Act to support his conduct in declining to give up the office to his successor, Clark, and especially upon section 4 of the act. (Stats. 1893, p. 15.) Among other matters, that section provides: "Any candidate for a public office who shall refuse or neglect to file, or who makes a false statement of moneys received or expended, as prescribed by section 3 of this act, shall, in addition to the punishment for such offense prescribed by the laws of this state, forfeit any office to which he may have been elected at the election with reference to which this statement is required to be made. If a candidate elected to a public office refuses or neglects to file the statement prescribed by section 3 of this act, . . . the incumbent of the office, unless he is himself a defaulting candidate, must not surrender or deliver up said office, but shall continue to discharge the duties and shall receive the emoluments thereof." Plaintiff, resting upon the authority which he claims is found in this section, declined to give up the office, and now declares that defendant refused and neglected to file the statement of moneys expended as required by the section aforesaid, and for that reason he alleges that defendant forfeited his right to the office, and that he, plaintiff, as the present incumbent, is entitled to continue in the discharge of its duties.

Does the statement filed by defendant substantially comply with the law? If it does, the whole case against him falls to the ground, and the consideration of other questions is not demanded. Section 3 of the act declares that the statement filed shall be "an itemized statement, showing in detail all moneys paid, loaned, contributed, or otherwise furnished to

him, or for his use, directly or indirectly, in aid of his election, and all moneys contributed, loaned, or expended by him, didirectly or indirectly, by himself, or through any other person, in aid of his election. Such statement shall give the names of the various persons who paid, loaned, contributed, or otherwise furnished such moneys in aid of his election, and the names of the various persons to whom such moneys were contributed, loaned, or paid, the specific nature of each item, the service performed, and by whom performed, and the purpose for which the money was expended, contributed, or loaned. Let us test the statement filed by these requirements of the law, and in doing so our attention will only be directed to those items contested by plaintiff. Under the head of "Receipts," the statement says, "No money received." This declaration goes even beyond the demands of the statute. The statute only contemplates a record of affirmative matters. It does not contemplate negative declarations. And if no moneys had been received by the defendant, either directly or indirectly, no mention of that fact need be included in the statement. The Purity of Elections Act is not concerned in things the candidate did not do, but only in those things he did do.

Under the head of "Expenditures" we find the item of two hundred dollars contributed to the Republican City Central Committee for campaign purposes. We have in this statement the nature and amount of the item, to whom contributed, and the purpose for which it was contributed. A contribution to the regularly constituted committee of a political party for campaign purposes is allowable and perfectly proper under the law. And the money being given for *campaign purposes*, it will be assumed it was to be expended in a legitimate and lawful way. A statement of the candidate, showing such a contribution, is in substantial compliance with the law.

The remaining item to which objection is made is one of "Sundries and incidentals, $22.65." The statute provides that the candidate may expend an amount not exceeding one hundred dollars for necessary incidental expenses, and it also further provides that vouchers are not required for expenditures in amounts less than five dollars. This act should receive a construction, if possible, which will not render it an absurdity; and to declare this statement filed by the candidate, by reason of this last aforesaid entry, to be violative of the law in substance, and thus invalidate the election, would

have that effect. To the honest, conscientious candidate, a literal rendition of the statement required by law, accompanied by the oath also required, is difficult indeed. But as to the rendition of the statement by the candidate not honest and not conscientious, the law presents no difficulties. As to items of money so small as not to demand a voucher, and coming under the head of incidental expenditures, possibly it might be held that the provisions of the law requiring the statement to set forth a history in detail of expenditures does not apply; but it is unneceesary to so hold here.

For the court to annul the election of a mayor of the city of Sacramento, by reason of a defect in a single item in his statement of expenditures, that item being of the character above described, would be to give the law a construction which might well be termed sticking in the bark. The act does not contemplate that kind of a construction; its tenor and spirit are opposed to it. By section 13 thereof, among other matters, it is provided: "Where, upon the trial of any action or proceeding under the provisions of this act for the contesting of the right of any person declared elected to an office, or to annul or set aside such election, or to remove a person from his office, it appears from the evidence . . . that the offenses complained of were trivial, unimportant, and limited in character, . . . and in any case did not arise from any want of good faith, and under the circumstances it seems to the court to be just that the said candidate should not forfeit his office, . . . then the election of such candidate shall not, by reason of such offense or omission complained of, be void, nor shall the candidate be removed from or deprived of his office."

It thus appears that the trial court is vested with a large discretion in these matters, and successful candidates are not to forfeit their offices merely for technical violations of the act. This case was heard upon affidavits. The statement of the candidate was attached as an exhibit to one of these affidavits. By its face, the trial court was entitled to say, and should have said, that this defect in the statement, if it be a defect, was trivial and unimportant, and did not arise from any want of good faith.

For the foregoing reasons the order is affirmed.

McFarland, J., Van Dyke, J., Henshaw, J., and Temple, J., concurred.