[S. F. No. 4479. In Bank.—March 31, 1906.]

ELIZA F. H. MIDDLECOFF, Petitioner, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

ESTATES OF DECEASED PERSONS—DISTRIBUTION OF WHOLE ESTATE TO WIDOW—WAIVER OF FINAL ACCOUNT.—Where the widow was the executrix and the sole beneficiary of the estate, and the debts were all paid, and there was no real necessity for a final accounting, she was entitled to waive the rendition and settlement of such account, and to obtain a decree of distribution upon an independent petition therefor, and there being no objection or appeal by any other person the decree of distribution was rendered valid and secure against collateral attack.

ID.—CONVEYANCE BY DISTRIBUTEE—MANDAMUS BY GRANTEE TO EXECUTRIX.—Where after distribution and the finality of the decree a con-

veyance was made to a daughter, the grantee thereof is not entitled to a writ of mandate to compel the executrix to render a final account and to complete the administration of the estate.

PETITION for Writ of Mandate to the Superior Court of San Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Thomas S. Louttit, and Buck & Middlecoff, for Petitioner.

Henry E. Monroe, for Respondent.

SHAW, J.—This is an original proceeding in *mandamus* to compel the respondent court to issue a citation to the executrix of the estate of Henry F. Hubbard, deceased, to show cause why she should not render a final account as such executrix, and complete the administration of said estate. The case is submitted upon the facts stated in the petition. Henry F. Hubbard died, testate, on March 25, 1887, his will was duly probated in the proceeding in question, and letters testamentary issued to the executrix, Maria S. Hubbard, on April 9, 1887, an inventory and appraisement were filed on May 5, 1887, and notice to creditors duly given on and after April 10, 1887. No formal account was ever presented, filed, or settled. By the terms of the will all the estate, after payment of debts and a small legacy, was given to Maria S. Hubbard, widow of deceased, and to his two daughters, Maria Hubbard and Eliza Fitch Hubbard, who is also the petitioner herein. On April 15, 1890, the two daughters, being then of adult age, conveyed and assigned to the widow, who was also the executrix, all their right, title, and interest in the estate, and requested the superior court having jurisdiction of the estate to distribute to said widow the whole thereof. On the same day the executrix filed in the superior court her petition for distribution of the estate. At that time all claims and the small legacy had been paid and the time for filing claims had expired. The petition for distribution averred all the aforesaid facts, gave a detailed description of all the property of the estate, and, in regard to a final account, made the following statement: "That your petitioner has filed no accounts as such

executrix, as she is entitled to have the whole of the residue of said estate distributed to her absolutely and forever, and therefore the rendition and settlement of her account as such executrix is not necessary and required, and is useless." In other respects it was in the usual form of such petitions. An order was made by the court fixing the time of hearing thereof, and notices of the hearing were given by the clerk in all respects as required by law in the case of a petition for distribution. The notices stated that the petition asked distribution of the whole estate to the widow, but did not specifically refer to any account nor to the settlement thereof. The petition was heard at the proper time and a decree was made, on April 26, 1890, distributing the entire estate to said Maria S. Hubbard as prayed for, and discharging the executrix from further duties as such.

The position of counsel for the petitioner is that the court had no jurisdiction to entertain a petition for distribution of the whole of the estate, or to make a decree for such distribution, except at or after the time of the settlement of the final account; that as such petition was not filed with the final account, nor subsequent to the settlement thereof, the court was without jurisdiction to act, and the entire proceeding for such distribution was absolutely void. In the case of *Estate of Sheid*, 122 Cal. 528, [55 Pac. 328], the court held, upon a direct appeal from the decree of distribution, that where a petition by an heir for distribution is not filed with the final account of the administrator, nor after the settlement of such account, but is filed after the rendition of the account and before its settlement, the proceeding for distribution was irregular. For this irregularity, to which objection was made by the opposing heirs at the hearing of the petition, the decree, upon the appeal of the opposing heirs, was reversed. It is said in the opinion that the proceeding is "a special proceeding based upon the statute, and in which the jurisdiction of the court can be acquired only by the observance of its provisions." In *Estate of Coursen*, 65 Pac. 965, (not reported in California Reports,) a similar decision was made, that case also being a direct appeal from the decree of distribution.

The real question involved in these cases was whether or not the irregularity was of sufficient importance to render

the proceeding subject to the objection on account thereof taken at or before the hearing, or reversible on direct appeal from the decree by opposing parties. They cannot be considered as decisive of the question of the validity of such a proceeding or decree when attacked collaterally. In this case the court had general jurisdiction of the estate; having acquired it by virtue of the petition for letters testamentary, and for probate of the will. The will had been duly probated, letters duly issued, notice to creditors duly given, all claims paid, and the time for filing other claims had expired. The probate of the will determined definitely and conclusively the persons entitled to the estate. After the conveyance to the executrix, the entire estate became vested in her, and she alone had the right to demand an accounting, and the accounting, when made, must have been made with her only, and for the purpose of settling the amount to which she, as sole distributee, would be entitled. It is not claimed that any other person is now adversely interested. The interest of the petitioner for the writ of mandate is derived wholly from the subsequent conveyance to her, by the widow, of a part of the estate covered by the decree. The provisions of the Code of Civil Procedure requiring an executor or administrator to render an account, and for the settlement thereof by the court, are made for the benefit and protection of the executor and the beneficiaries of the estate, respectively, including, of course, the creditors. The widow was in this case the executrix and also the sole beneficiary. There was therefore no real necessity for an accounting. But if an account would have been convenient, and if it was regularly the step preceding a distribution, there can be no doubt that she, as the sole person interested, had the right to waive the rendition and settlement of such account, and to consent that the distribution might be made without such intermediate proceeding. This is the effect of the authorities. (11 Am. & Eng. Ency. of Law, 1185; *In re Wagner's Estate,* 119 N. Y. 28, [23 N. E. 200]; *In re Pruyn,* 141 N. Y. 546, [36 N. E. 595]; *McKim* v. *Harwood,* 129 Mass. 77; *Piatt* v. *Longworth's Devisees,* 27 Ohio St. 186; *Estate of Barber,* 142 Pa. St. 481, [21 Atl. 986].) The statement made by her in the petition for distribution was a waiver of such account. The distribution, when the petition therefor is not filed with the final

CXLIX Cal.—7

account, is a separate, and, to some extent, an independent proceeding in the administration of the estate, and when the petition is filed separately, jurisdiction of that proceeding is acquired, as in other separate proceedings such as the sale of real property, by the filing of a proper petition and the giving of the notice required. This was done in the case at bar. All persons who might wish to assert or claim an irregularity in the proceeding were regularly notified to appear for that purpose. Thereby the court obtained jurisdiction of that proceeding subject to the objection which might be made in the course of the proceeding, or on appeal, that the final account had not been settled. When it was made to appear by the record, as was here done, that no account was really necessary and that it had been waived, the irregularity was effectually cured as to the distributee, and there being no objection or appeal by any other person, the decree of distribution was thereby rendered valid and secure against collateral attack. The superior court correctly refused, under these circumstances, to require further proceedings in the estate.

The petition for a writ of mandate is denied.

Angellotti, J., Lorigan, J., and Henshaw, J., concurred.