[Sac. No. 5064.   In Bank.—February 1, 1937.]

In the Matter of the Estate of ROBERT FANNING, Deceased.   BURTON E. FANNING, Appellant, v. WILLIAM E. FANNING, as Administrator, etc., et al., Respondents.

Burton E. Fanning, *in pro. per.*, for Appellant.

J. M. McPherson and Grayson Price for Respondents.

SHENK, J.—This is an appeal from an order denying a petition to determine heirship.   There is no dispute as to the facts.

Robert Fanning died testate in the county of Butte on November 26, 1934.   Surviving him were four sons, including

Burton E. Fanning, the appellant herein, and two grandchildren who are the surviving minor children of the decedent's predeceased daughter, Laura Fanning McConnell.

The will of the decedent was in proper form. In paragraph 2 the testator directed his executrix to pay his funeral expenses, the cost of administering his estate and his just debts as soon as practicable. Paragraph 3 then provided:

"Having in mind my children, Frank R. Fanning, William E. Fanning, Burton E. Fanning and John R. Fanning, I give, devise and bequeath all the rest, residue and remainder of my property . . . to my daughter, Mrs. Laura McConnell."

More than fifteen months after the uncontested admission of the will to probate the appellant filed what he called a petition to determine heirship in which he prayed that he be adjudged "one of the four devisees and legatees" under the will. The petition was denied apparently on the ground that under the provisions of the will the estate should be distributed to the two surviving children of Laura Fanning McConnell, deceased, in conformity with the requirements of section 92 of the Probate Code.

It seems to be the position of the appellant, who represents himself on the appeal, that when the testator employed the phrase, "having in mind my children", and then particularized by naming his four sons, it was intended that the four sons should take the entire estate to the exclusion of the daughter or her children. It is contended that since there was no other specific bequest there was no room for the operation of a bequest of the residue.

It seems quite obvious that the testator intended to leave his entire estate not required to satisfy his debts, funeral expenses and administration costs to his daughter. The expression "having in mind my children" is not indicative of donation but evidences an intentional omission of the four sons so that they would not take as pretermitted heirs. (Sec. 90, Probate Code.)

The devise and bequest of the residue of an estate passes the title of all the property of the estate "not otherwise effectually devised or bequeathed by the will". (Sec. 126, Probate Code.) Under this provision of the code the will must be held to have vested the title in the minor children

of the predeceased daughter of the testator. Appellant's petition was therefore properly denied.

Order affirmed.

Thompson, J., Edmonds, J., Langdon, J., Curtis, J., Seawell, J., and Waste C. J. concurred.