[L. A. No. 21453. In Bank. July 24, 1951.]

Estate of CHRIS COLLIAS, Deceased. ARGIRIOS T. COLLIAS, Respondent, v. EFSTATHIOS COLLIAS et al., Appellants.

588

Marshall & Farnham and O. E. Farnham for Appellants.

James C. Webb for Respondent.

EDMONDS, J.—Chris Collias died testate. His will named his nephew Argirios Collias as executor and included the following provision:

"All the rest and residue of my estate, of every kind and description, and wherever situated, I give, devise and bequeath unto my nephew ARGIRIOS COLLIAS a resident of Long Beach, California at the time this instrument is signed. It is my desire and wish that my nephew Argirios Collias will give half of my estate to my nearest relative heir in Greece instructing him or her to distribute said half of my estate in equal shares to all my close relatives in Greece. In the event that my said nephew Argirios Collias shall predecease me, then said estate shall go and it is hereby bequeathed to my nearest relative in Greece to be distributed as above among the other relatives."

The superior court distributed all of the estate, after the payment of debts and expenses, to Collias without qualification. Upon the appeal of Efstathios Collias, Eleni Paras, and Chrysso Athanasoulis, nephew and nieces of the decedent, from the decree of distribution, they contend that it erroneously vests absolute title in Collias. The proper construction of the will, they assert, is that one half the estate is left to Collias in trust for the use and benefit of the nearest or close relatives of the decedent in Greece.

To impose a trust upon property bequeathed and devised to Collias, it must appear that the testator intended to impose mandatory duties upon him. (*Estate of Kearns*, 36 Cal.2d 531, 533 [225 P.2d 218].) Otherwise stated, where an absolute estate has been conveyed by a will, that estate will not be limited by subsequent words unless they indicate as clear an intention therefor as was shown by the words creating the estate. (*Estate of Marti*, 132 Cal. 666, 672 [61 P. 964, 64 P. 1071].) Thus it is provided in section 104 of the Probate Code that ''A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will.''

It is clear that the sentence ''All the rest and residue of my estate . . . I give, devise and bequeath unto my nephew. . . .'' standing alone, would bequeath the property to Argirios absolutely. The only question presented for decision is whether by the sentence following the words: ''It is my desire and wish . . .'' the testator intended to impose a legally enforceable duty or a mere moral obligation.

'' '*Prima facie,* a mere request, or an expression of hope or confidence or expectation, does not import a command.' . . . According to the ordinary use of the English language, the word, 'desire' does not import a trust or charge. . . .'' (*Estate of Marti,* 132 Cal. 666, 671 [61 P. 964, 64 P. 1071].) Thus it was said (p. 672) that ''Words which merely raise a doubt or suggest an inference will not affect the estate thus conveyed, and any doubt which may be suggested by reason of such subsequent words must be resolved in favor of the estate first conveyed.'' (See, also, *Estate of Kearns,* 36 Cal. 2d 531 [225 P.2d 218].)

As a guide to the determination of the intent of the testator, the courts have stated certain general principles. Thus in *Estate of Lawrence,* 17 Cal.2d 1, 7 [108 P.2d 893], it was said that ''. . . when words of recommendation, request and the like are used in direct reference to the estate, they are *prima facie* testamentary and imperative, and not precatory. While the desire of a testator for the disposal of his estate is a mere request when addressed to his devisee, it is to be construed as a command when addressed to his executor.'' And again in *Estate of Miles,* 72 Cal.App.2d 336, 343 [164 P.2d

546], it was said: "A wish or request of the testator for the disposition of his estate directed to the executor is a command, but if addressed to the legatee it will not be construed as a limitation on the estate given in absolute terms. (*Estate of Marti*, 132 Cal. 666, 671 [61 P.2d 964, 64 P. 1071].)" To the same effect is *Estate of Tooley*, 170 Cal. 164 [149 P. 574, Ann. Cas. 1917B 516].

The appellants point out that Argirios Collias was appointed executor of the estate, and therefore contend that the words "wish and desire" should be treated as mandatory rather than precatory. However, he is also the sole devisee, and the wish and desire is addressed to him as the testator's nephew. "Where the person directed to carry out the wishes of the testator is both executor and legatee, the courts in construing the effect of the language have refused to follow the strict rule which imposes a mandatory duty on the executor and have apparently treated the words as being addressed to him in his capacity as legatee." (*Estate of Kearns*, 36 Cal.2d 531, 534-535 [225 P.2d 218].)

Applying these rules of construction, it is clear that no trust was created by the will. By the first sentence, the entire estate is bequeathed outright and unconditionally to the nephew. The desire and wish which follow are directed to the devisee and not to the executor. (*Estate of Kearns, supra.*) In the event Argirios Collias should have predeceased his uncle, by language used in direct reference to the estate, the testator made an alternative disposition of his property. It is apparent from these provisions that the testator's "desire and wish" concerning his relative in Greece is "not equally clear and distinct" as the provision preceding it. Accordingly, applying the rule stated in section 104 of the Probate Code, and resolving any doubt suggested by the subsequent words in favor of the estate first conveyed (*Estate of Marti, supra*), it cannot be said that a trust or equitable charge was created which limits the absolute bequest of the entire estate to Argirios Collias.

The order is affirmed.

Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—I dissent. It is my view that under the circumstances shown here the directions to the decedent's nephew Collias should be regarded as mandatory. Collias is named in the will both as a devisee and as executor. I think

the intent of the testator, fairly to be derived from the will, is that Collias is to act as executor of the will to handle all of the estate; that the devise to him is to facilitate his handling of the property and carrying out of the testator's plan; that such plan envisages ultimate vesting of only a one-half interest in his own right in the nephew and the distribution of the other half "in equal shares to all my close relatives in Greece."

The same method is used by the testator in respect to securing the desired handling and distribution of the property in Greece as in America. He directs, "It is my desire and wish that my nephew Argirios Collias will give half of my estate to my nearest relative heir in Greece instructing him or her to distribute said half of my estate in equal shares to all my close relatives in Greece." Clearly the testator in directing his executor to "give" the one-half interest to his "nearest relative heir in Greece" did not intend such heir to take the entire share in his own right; the "giving" was for the purpose of convenient handling and distribution. The same intent appears in the language "giving" the estate to Collias; it was bequeathed to him to facilitate his carrying out of the testator's plan and the discharge of his duties as executor.

For further discussion reference is made to the opinion of Justice McComb, and the concurring opinion of Presiding Justice Moore, for the District Court of Appeal, reported at *Estate of Collias*, (Cal.App.) 225 P.2d 550, 551, and for the reasons therein and hereinabove stated I would modify and affirm the decree as ordered by the District Court of Appeal.