193 Cal.App.2d 471 (1961)
Estate of THOS. A. SAWYER, Deceased. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Appellant,
v.
DOROTHY ALBERTA McDERMOTT, Respondent.
Civ. No. 19415. 
California Court of Appeals. First Dist., Div. One. 
June 29, 1961.
 Hood, Johnstone & Hansen for Appellant.
 Alan W. Davidson, Hildebrand, Bills & McLeod and Albert H. Davidson for Respondent.
 DUNIWAY, J.
 Thomas A. Sawyer died testate on September 9, 1958, and his will was admitted to probate on October 15, 1958. On May 8, 1959, Dorothy Alberta McDermott (formerly Sawyer), his only child, filed a petition to determine heirship. In response, appellant bank, as executor of the will *472 of Ella P. Sawyer, who died November 28, 1958, filed a statement claiming the entire estate. The court found that Dorothy was named in the will, but that Thomas "unintentionally made no provision in said Will for said Dorothy ..." and that she is a pretermitted child. A decree was entered accordingly. The executor bank appeals. Its appeal is well taken.
 The will is on a printed form. A copy follows: [See following page.]
 At the hearing, no evidence was offered as to Thomas' intention to provide for Dorothy, except the file in a divorce action between Thomas and his former wife, Dorothy F. Sawyer. That action was filed by the wife September 27, 1918. An interlocutory decree was entered February 7, 1919, and a final decree February 9, 1920. Custody of Dorothy was awarded to the wife. On March 22, 1921, Thomas moved to modify the decree, by changing custody of Dorothy to himself. The motion was denied on April 1, 1921. On January 10, 1922, Thomas moved to modify his visitation rights. So far as appears, no order was made. On two subsequent occasions, July 24, 1924, and August 7, 1925, these rights were modified by stipulation. Nothing further appears. Dorothy was 2 1/2 years old when the divorce action was filed, and about 4 years and 9 months old when the will was made. In his answer in the divorce action filed in October, 1918, Thomas asked for custody of Dorothy. All other proceedings relating to her custody occurred at times subsequent to the execution of the will. She was less than 10 years old when the last stipulation was made.
 We fail to see how anything in the divorce file can be considered evidence that Thomas' failure to make a provision for Dorothy in his will was unintentional. Wills frequently make no provision for young children, the testator preferring to leave his property to an adult who, he has reason to believe, will take care of the child by reason of a relationship by blood or affection, or both. Here, Thomas being divorced, it is not surprising that he left his property to his mother, the grandmother of Dorothy, rather than to his wife, as he might otherwise have done. The divorce file, like the will, indicates that Thomas had a daughter, and knew it. It also indicates that he was interested in her, a subject on which the will is silent, but does not show that provision for her was unintentionally omitted from the will. Moreover, we seriously doubt, but do not decide, that the proceedings in the divorce action subsequent *473
 Graphic Material Omitted
 *474 to the making of the will would be admissible, in any event, for the purpose of establishing his intent when he signed the will.
 [1a] Be that as it may, the will itself clearly shows that the omission to provide for Dorothy was intentional. (Prob. Code, 90.) "Note No. 1," quoted above and specifically referred to at the point in the form where Dorothy was named, told the testator that unless Dorothy were named, thus showing that he had her in mind, she would take an interest in the estate. We do not see how the testator could more clearly indicate an intent that she should not take such an interest. Counsel for respondent suggest that the note must be disregarded by the court, but suggest no reason except their own ipse dixit. [2] We can see no reason for disregarding it; it is a part of the entire document, and no rules are better established than the rules that a will must be given "an interpretation which will give to every expression some effect" (Prob. Code, 102), that the meaning of any part which is doubtful may be explained by any reference thereto in another part (Prob. Code, 103), and that all parts of a will are to be construed together (Prob. Code, 103). [1b] Counsel also suggest that the footnote is not an accurate statement of the law. But if that were so, it would make no difference; the note still elucidates the testator's intention. We note, too, that the testator selected a "Form for Married Man Having Child ...," which reinforces the showing that he had the child in mind.
 [3] Furthermore, the cases are clear, and the rule is long established, that if a testator names a child in the will, and disposes of all his property to others, making no provision for the child, then it "appears from the will that such omission was intentional" (Prob. Code, 90), and extrinsic evidence to the contrary is incompetent. (Payne v. Payne (1861), 18 Cal. 291, 301-302; Estate of Callaghan (1898), 119 Cal. 571, 574-575 [51 P. 860, 39 L.R.A. 689]; Estate of Fanning (1937), 8 Cal.2d 229, 230 [64 P.2d 951]; Estate of Eggleston (1954), 129 Cal.App.2d 601, 606-607 [277 P.2d 469]; Estate of Labrie (1955), 130 Cal.App.2d 235, 237-238 [278 P.2d 760]. See also In re Stevens (1890), 83 Cal. 322, 330 [23 P. 379, 17 Am.St.Rep. 252].)
 As is pointed out in Labrie, supra, "[m]ost of the problems in construing this section have arisen in cases where the omitted person was not specifically mentioned in the will, and where the solution has depended entirely upon construing *475 the other language used in the will" (p. 237). This is the situation in each of the cases cited by respondent, and none of them is here in point. (Estate of Cochran, 116 Cal.App.2d 98 [253 P.2d 41]; Estate of Hassell, 168 Cal. 287 [142 P. 838]; Van Strien v. Jones, 46 Cal.2d 705 [299 P.2d 1]; Estate of Price, 56 Cal.App.2d 335 [132 P.2d 485]; Estate of Torregano, 54 Cal.2d 234 [5 Cal.Rptr. 137, 352 P.2d 505].) Other cases cited do not deal with Probate Code, section 90. Hassell and Van Strien are both strong authority in favor of appellant, for in the former a disinheritance of "heirs," not named, and in the latter of "any person who if I died intestate would be entitled to share in my estate," again not named, was held sufficient. Torregano, which is most heavily relied upon, is clearly not in point. There the child was not named, nor was there a disinheritance of heirs or relatives in the will. The opinion in that case cites, without criticism, the cases on which we rely (pp. 248-250 of 54 Cal.2d), and states "the rule that before a testator may be said to have intentionally omitted his child, it must appear on the face of the will that he had such child in mind at the time of executing the will, and having the child in mind he omitted to provide." (P. 252.) That is precisely the situation in the case at bar.
 Many wills are prepared by counsel, after careful study of the code and the authorities. They are always of importance to the testator, and they sometimes dispose of very large estates. They become operative only after the testator is dead, so that he cannot explain his intention to the court; only the will itself can speak for him. His oral declarations as to his intentions are excluded by statute. (Prob. Code, 105.) We have no doubt that there are many wills in the offices of lawyers and in the safe deposit boxes of testators that take care of the problem of pretermission in a manner similar to that used by the testator in the will before us. We should not, by a new interpretation of the law, defeat the legitimate expectations of those who prepared such wills.
 The order is reversed.
 Bray, P. J., and Tobriner, J., concurred.