[Civ. No. 19802. First Dist., Div. Two. Mar. 25, 1963.]

Estate of GLENN ALLEN McMANUS, JR., Deceased. LYDIA JEAN McMANUS, as Administratrix, etc., et al., Petitioners and Respondents, v. PAUL E. SLOANE, Objector and Appellant.

[Civ. No. 20146. First Dist., Div. Two. Mar. 25, 1963.]

Estate of GLENN ALLEN McMANUS, JR., Deceased. PAUL E. SLOANE, Petitioner and Appellant, v. LYDIA JEAN McMANUS, as Administratrix, etc., Objector and Respondent.

(Consolidated Cases.)

Paul E. Sloane, in pro per., for Appellant.

James F. Milne, and Schofield, Hanson, Bridgett, Marcus & Jenkins for Respondents.

SHOEMAKER, J.—This is an appeal by Paul E. Sloane from certain orders of the probate court (1) discharging him as attorney for the estate of Glenn Allen McManus, Jr., and substituting other attorneys in his place; (2) denying his petition for an award of attorney's fees on account pursuant to Probate Code, section 911; and (3) allowing final distribution of the estate.

The record reveals that on May 20, 1960, Lydia Jean Mc-Manus, administratrix of the estate of Glenn Allen McManus, Jr., moved the court for an order substituting the law firm of Schofield, Hanson, Bridgett, Marcus and Jenkins as her attorneys, in place of the appellant, Paul E. Sloane.

On June 2, 1960, appellant filed a motion for (1) an order

requiring the administratrix to complete the inventory of the estate and to disclose to appellant certain information claimed to be necessary to the administration of the estate, or show cause why her failure to do so should not constitute grounds for suspension or revocation of her letters of administration; and (2) an order determining that his interest in the estate, by virtue of his statutory right to attorney's fees, prevented his removal without cause. In support of this motion, appellant filed a certified declaration averring that he had been employed in April 1958 to serve as her attorney in connection with the administration of the estate; that he had thereafter performed numerous legal services in said employment; and that nothing more remained to be done to close the estate other than to obtain the administratrix' signature on the inventory and appraisement, pay the inheritance tax, and petition on behalf of the administratrix and sole distributee for final distribution with waiver of accounting.

At the same time appellant filed a petition for allowance of attorney's fees pursuant to Probate Code, section 911, in the sum of $2,066.34, this being 90 per cent of the statutory fees and certain added costs. In this petition appellant asserted that the assets of the estate were valued at $83,296.27.

After a brief hearing on June 2, 1960, the matter was continued until June 20, 1960, at which time both appellant and Mr. Bridgett of the proposed firm were present. Appellant opposed the substitution on the ground that he could close the estate within a matter of days if he could secure the cooperation of the administratrix. Mr. Bridgett contended that the administratrix had an absolute right to change attorneys. In regard to appellant's motion to receive immediate payment for legal services previously rendered, Mr. Bridgett pointed out that such fees were based upon the value of the estate, that no inventory or appraisal had been filed, and that he was unable to offer an opinion at that time as to the value of the estate. The trial court then offered to reimburse appellant for expenses paid and allow him $350 on account of attorney's fees. Appellant rejected the offer and the court then ruled that it would make no allocation of attorney's fees until final distribution, at which time appellant could renew his petition.

On June 22, 1960, the court entered its order of substitution. On the same day, the court ordered that appellant be reimbursed for court costs and expenses in the amount of $68.60, but that he receive no award of attorney's fees until the filing of an accounting or a petition for distribution. The

court made no ruling on appellant's motion to compel the administratrix to complete the inventory and disclose information to appellant, or show cause why her letters should not be revoked for her failure to do so. Appellant filed a notice of appeal from the two orders made on June 22, 1960.[1]

On May 5, 1961, the administratrix filed a verified petition for distribution of the estate and allocation of attorney's fees. An inventory and appraisement of the estate had been duly filed on November 22, 1960, showing the value of the estate to be $86,407.07, and that the whole of the estate was community property of the decedent and his surviving spouse. The petitioner, as the sole heir of the decedent, waived her right to an accounting, and showed that the statutory fee for the ordinary services rendered by petitioner's attorneys was $2,358.14. Petitioner prayed for a distribution without accounting and for an allocation of attorney's fees between appellant and the attorneys substituted in his place.

On May 12, 1961, appellant filed a motion to continue the hearing on the petition for distribution pending a final determination of his appeal from the two orders entered on June 22, 1960.

On May 18, 1961, the petition for distribution and appellant's motion for a continuance came on for hearing. Appellant asserted that there could be no distribution of the estate pending a determination as to whether he was wrongfully discharged as attorney for the estate. Appellant also objected to a waiver of accounting on the theory that he, as an attorney whose fee was based upon a percentage of the estate, was entitled to ascertain whether the inventory and appraisal did in fact include all of the assets of the estate and whether any income had accrued to the estate subsequent to the filing of the inventory. Counsel for the administratrix pointed out that the estate had been pending for three years and that the administratrix now had an opportunity to sell the stock, which constituted the major asset of the estate. Appellant replied that he could undoubtedly have closed the es-

---

[1] It may here be noted that appellant devotes considerable space in his brief to the contention that the court ought to have granted his motion to compel the administratrix to complete the inventory, disclose certain information, or show cause why her letters should not otherwise be revoked. This opinion contains no discussion of this argument for the reason that the notice of appeal refers only to the two written orders of June 22, 1960, and this court is accordingly without jurisdiction to review other matters. (*Glassco* v. *El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 92 [17 P.2d 703]; *People* v. *Delaney* (1955) 132 Cal.App.2d 838, 839 [283 P.2d 287].)

tate within 10 days at the time that he was removed as attorney for the estate, but that he was now interested in obtaining 90 per cent of the statutory attorney's fees and clearing up any bad reflections on his character and professional reputation.

On May 18, 1961, the court entered its order that the estate be distributed and that appellant recover 60 per cent of the attorney's fees allowed by statute. Appellant filed a notice of appeal from this order of distribution. Pursuant to stipulation by the respective parties, the appeal from the order of distribution was consolidated with the appeal already pending from the orders of June 22, 1960.

Turning first to the order of substitution, appellant contends that an attorney for an estate may not be removed without cause because he occupies the peculiar position of a fiduciary and agent of the court whose duty it is to represent all beneficiaries under the estate. He also asserts as an additional reason that he had a power coupled with an interest by virtue of his statutory right to recover attorney's fees based upon a percentage of the estate. (Prob. Code, §§ 910, 901.)

Appellant's position cannot be sustained for two reasons. First, it may seriously be doubted that an order removing an attorney for an estate and substituting other counsel in his stead is an appealable order. Probate Code, section 1240, specifically enumerates all those orders of the probate court which are appealable. No mention is made of an order either appointing or removing an attorney. The rule is well established that no appeal will lie from any order in probate not specified in Probate Code, section 1240. (*Estate of Schechtman* (1955) 45 Cal.2d 50, 54 [286 P.2d 345]; *Estate of Nersisian* (1957) 155 Cal.App.2d 561, 567 [318 P.2d 168]; *Estate of Noonan* (1952) 113 Cal.App.2d 899, 900 [249 P.2d 306].)

In any event, even if it be assumed that an order removing an attorney is appealable, the authorities lend no support to appellant's contention that an attorney for an estate, unlike other attorneys, may be removed only for cause. Code of Civil Procedure, section 284, provides in relevant part that "The attorney in an action *or special proceeding* may be changed at any time before or after judgment or final determination. . . [u]pon the order of the court, upon the application of either client or attorney, after notice from one to the other. . . ." (Italics added). In *O'Connell* v. *Superior Court* (1935) 2 Cal.2d 418, 421 [41 P.2d 334, 97 A.L.R. 918], the court, in commenting upon the section, stated: ". . . it is now

settled in this state that in the absence of any relation of the attorney to the subject-matter of the action, other than that arising from his employment, the client has the absolute right to change his attorney at any stage in the action and the fact that the attorney has rendered valuable services under his employment, or that the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action, does not deprive the client of this right.'' (To the same effect, see *Echlin* v. *Superior Court* (1939) 13 Cal.2d 368, 372 [90 P.2d 63, 124 A.L.R. 719].)

In the present case, appellant had no interest in the subject matter of the action ''other than that arising from his employment'' by virtue of his right to recover the fees provided by statute. Under such circumstances, his client had an absolute right to discharge him and substitute other counsel in his place. As to appellant's theory that an attorney for an estate, as a fiduciary and agent of the court, is not subject to this rule, the recent case of *Houghton* v. *Coberly* (1962) 201 Cal.App.2d 820, 822 [20 Cal.Rptr. 489], is controlling. The court there held that defendant-executors ''in their representative capacity had the absolute right to change their attorneys at any stage of the probate proceedings.''

Appellant's next contention is that the court abused its discretion in refusing, at the time of his discharge, to award him attorney's fees for all services rendered prior to that time. It is apparently appellant's position that he had an absolute right to receive immediate payment for his services and that the court's power to remove him as attorney for the estate was contingent upon such payment having first been made. Neither contention is tenable.

Pursuant to Probate Code, section 911, an attorney for an estate may apply to the court, at any time after six months from the issuance of letters of administration, for an allowance upon his fees on account of services rendered up to that time. Upon such application, the statute provides that the court shall order payment of such compensation ''as the court shall deem proper.'' In *Estate of Algee* (1958) 158 Cal. App.2d 691 [323 P.2d 221], and *Estate of Windiate* (1961) 197 Cal.App.2d 560 [17 Cal.Rptr. 297], an award of attorney's fees, even though made prior to settlement of the final account, was held to constitute a valid exercise of discretion under the section. In the *Algee* case, a substitution in counsel for the executrix had taken place, and the retiring counsel for the estate applied for an allowance upon attorney's fees

for services previously rendered. Although the estate had not then progressed to the stage of an accounting, an inventory and appraisal were on file, and it was thus possible for the probate court to compute the total attorney's fees authorized by statute and award retiring counsel a share commensurate with the services performed by him. The award was upheld as a proper exercise of discretion. In the *Windiate* case, the allowance on attorney's fees was similarly prompted by a substitution in counsel. In that case, an inventory, appraisal, and accounting had been filed prior to substitution, and the probate court was therefore able to compute the total attorney's fees and award 40 per cent of such fees to retiring counsel. This award was upheld on appeal.

In the present case, the factual situation prevailing at the hearing on June 20, 1960, was strikingly different. The record reveals that no inventory or appraisal had yet been filed. The newly appointed counsel for the administratrix was unable to give an opinion as to the value of the estate. Indeed, appellant's request for an immediate award of 90 per cent of the attorney's fees authorized by statute could have been granted only if the probate court were willing to base such an award solely upon appellant's own opinion as to the value of the estate. Certainly, the court properly chose to defer such an award until the filing of an accounting or petition for final distribution. ██ Code of Civil Procedure, section 284, provides that an attorney in a special proceeding may be changed *at any time* upon the application of his client. This wording clearly cannot be limited in such a manner as to disallow substitution of counsel until such time as the estate shall have progressed to a stage where an immediate computation of attorney's fees is possible.

██ Turning next to the appeal from the order of distribution, it is appellant's contention, first of all, that the court abused its discretion in denying his motion to postpone distribution pending a final determination of his appeal from the two orders entered on June 22, 1960. We do not agree. Appellant suffered no prejudice from the denial of his motion. Both the orders appealed from, as above noted, were entirely proper and must be affirmed. Under such circumstances, the granting of a continuance would only have delayed distribution without altering the legal rights of the parties in any respect. ██ "An appellate court will not review questions which are moot and which are only of academic importance. It will not undertake to determine abstract

questions of law at the request of a party who shows that no substantial rights can be affected by the decision either way.'' (*Keefer* v. *Keefer* (1939) 31 Cal.App.2d 335, 337 [87 P.2d 856].) ▉ In any event, a court has a wide discretion in granting or denying a continuance, and its discretion will not be disturbed in the absence of an abuse of discretion. (*Specht* v. *Keitel* (1961) 190 Cal.App.2d 332, 340 [12 Cal.Rptr. 95].) Appellant has demonstrated no such abuse.

Appellant next asserts that the trial court erred in allowing distribution without requiring an accounting. Appellant, in so contending, does not deny that an administrator or executor who is also the sole beneficiary of the estate may, after payment of debts, waive an accounting. (*Middlecoff* v. *Superior Court* (1906) 149 Cal. 94 [84 P. 764].) It is appellant's position, however, that such right may be exercised only in the absence of an objection by a party interested in the estate. Appellant asserts that he, as an attorney whose fees were based upon a percentage of the estate, was a party interested in the estate, pursuant to Probate Code, section 1020, and was accordingly entitled to resist the application for distribution. Appellant points out that he appeared at the hearing on the petition for distribution and informed the court that he was not willing to acquiesce in the waiver of accounting, but that the court nevertheless refused to require an accounting. Appellant asserts that this ruling constituted prejudicial error because it deprived him of the right to ascertain whether the inventory and appraisal were correct and whether any interest had accrued on the estate assets subsequent to the filing of the appraisal.

▉ Assuming for purposes of argument that an attorney whose fees are based upon the value of an estate is a party interested in the estate for purposes of resisting distribution, it still cannot be said that the trial court abused its discretion in denying appellant's request for an accounting. The record is replete with strong indications that appellant's numerous attempts to delay distribution were primarily motivated by a desire to harass and annoy the administratrix who, in appellant's eyes, had discharged him without proper cause. It is interesting to note, for example, that the record of the hearing of June 2, 1960, contains the statement by appellant that the total assets of the estate came to $83,300, and that he was desirous of having his statutory fees computed upon that figure. At the hearing on May 18, 1961, appellant, who had

done no further work in connection with the estate, expressed the opinion that the appraisal of $86,407.07 might not represent the full value of all items properly includable within the estate. On May 27, 1960, appellant, in a certified statement accompanying his motion to compel the administratrix to complete the inventory, averred that "The Admx., as sole distributee, may properly waive accounting, and obtain final distribution and discharge within ten days after filing the completed Inventory and Appraisement." A year later, at the hearing on the petition for distribution, appellant was strongly opposed to any waiver of accounting. An examination of the record reveals no explanation for this change in viewpoint other than the fact that appellant, at the time of the hearing on May 18, 1961, was no longer acting as counsel for the estate. The probate court, at that hearing, expressed the opinion that appellant's desire to "block" distribution was the direct result of his resentment over his removal as attorney for the estate. The record amply supports this conclusion. The verified petition for distribution stated that the total value of the estate was $86,407.07. The record contains no indication that this figure was inaccurate. Although appellant now contends that an accounting would have enabled him to learn whether any additional income had accrued to the estate subsequent to the filing of the appraisal, it is clear that appellant's insistence upon an accounting was not motivated by this possibility. At the hearing on May 18, 1961, Mr. Bridgett, as attorney for the estate, informed the court that the estate had received no income other than a small amount of interest on a bank account containing $8,000. Appellant stated that he had no desire to have the inventory increased by that amount. The court nevertheless directed that the interest be added to the inventory prior to the computation of attorney's fees.

Under such circumstances, appellant has failed to indicate that he would have benefited in any way by an accounting. The trial court, in refusing to order an accounting, apparently concluded that distribution of the estate had already been unduly delayed, and that, in any event, appellant's request for an accounting was not made in good faith. It cannot be said that this ruling constituted an abuse of discretion or that any useful purpose would be served by a reversal of the order of distribution.

■ Appellant's final contention is that the court deprived him of due process by refusing, at the hearing

on May 18, 1961, to allow him to introduce detailed evidence of all of the legal services performed by him. This contention is wholly without merit. Since the attorney's fees for services rendered in conducting probate proceedings are fixed by statute and are based upon a percentage of the estate (Prob. Code, §§ 910, 901), the sole issue before the court was to determine in what manner these fees should be allocated between appellant and the attorneys who had been substituted in his place. It is well settled that the knowledge and experience of the trial judge afford a sufficient basis for fixing the amount of a lawyer's fee even though there is no specific evidence on the subject. (*Rosenthal* v. *Rosenthal* (1961) 197 Cal.App.2d 289, 299 [17 Cal.Rptr. 186]; *Howard* v. *Howard* (1956) 141 Cal.App.2d 233, 238 [296 P.2d 592].) In the present case, the trial court already had before it appellant's sworn statement itemizing in detail each of the services rendered by him. The taking of additional evidence would have served no purpose other than to delay the proceedings unnecessarily. Appellant was awarded 60 per cent of the total statutory fees, which would appear more than generous in view of the fact that no inventory or appraisal had been filed at the time he was removed as attorney for the estate.

The orders appealed from are affirmed.

Kaufman, P. J., and Agee, J., concurred.

A petition for a rehearing was denied April 11, 1963, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1963. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.