[Civ. No. 23852. First Dist., Div. Four. Aug. 28, 1967.]

Estate of ROSALIA MOORE, Deceased. VIRGINIA KWASKY, as Administratrix, etc., Petitioner and Respondent, v. LOIS SERPA, Objector and Appellant.

Phillip M. Millspaugh for Objector and Appellant.

Caldecott, Peck & Phillips and Thomas N. Stewart for Petitioner and Respondent.

RATTIGAN, J.—Appeal from a judgment of final distribution under a will and codicil.

Appellant and respondent (herein Lois and Virginia, respectively) are sisters, daughters of the testatrix. Her husband, the parties' father, was Lutral E. Moore. The testatrix executed her will on July 11, 1953. The will appointed

Lutral E. Moore her executor and instructed him to perform the conventional functions, including the payment of debts, expenses and taxes.

In the paragraph designated "SIXTH" in the 1953 will, the testatrix left her entire estate to Mr. Moore. In the event of his predecease, or of the deaths of both husband and wife within 90 days of each other and from a common calamity, the estate was to go to Lois and Virginia: $15,000 in value to Lois and the balance of the estate to be divided between her and Virginia in equal shares.

Lutral E. Moore died in 1957, the testatrix surviving him. On July 30, 1958, she executed a codicil reading as follows:

"CODICIL TO LAST WILL AND TESTAMENT

"I, ROSALIA MOORE, having heretofore on the 11th day of July, 1953, made and published my Last Will and Testament, do now make, publish and declare this to be my Codicil to said Last Will and Testament.

"I

"My loving husband LUTRAL E. MOORE, having died, I do hereby nominate, constitute and appoint my daughter, VIRGINIA M. KWASKY, as Executrix of my Last Will and Testament and request that she be allowed to qualify as such without giving bond or other security therefor.

"II .

"I do hereby delete all of Paragraph Sixth in my Last Will and Testament of July 11, 1953, and in its place and stead I do substitute the following:

"Following the payment of all debts, expenses and taxes, as aforesaid, I do hereby give, devise and bequeath all of the rest, residue and remainder of my property, whether the same be real, personal or mixed, and wheresoever situated, of which I die possessed, unto my daughter VIRGINIA M. KWASKY. It is my request that my said daughter VIRGINIA M. KWASKY shall distribute such portion or portions of my estate which I have heretofore left to either my daughter LOIS VERYL SERPA and my grand-daughter LINDA SERPA, as in her opinion shall be reasonable and necessary.

"III

"Except as otherwise in this Codicil provided, I do hereby ratify and confirm all the terms and provisions contained in my Last Will and Testament of July 11, 1953.

"January 30, 1958.

" [Signature and attestation.] "

The testatrix died in 1962. The 1953 will and the 1958 codicil were admitted to probate. Virginia was appointed executrix and served as such while Lois, in other litigation not involved on this appeal, made several unsuccessful attacks upon the testamentary disposition purportedly made by the will and codicil. In due course, Virginia filed a petition for final distribution in which she alleged (1) that, under the will and codicil, all of the estate should be distributed to her, and (2) that as sole distributee she waived an accounting. Lois filed written objections to the petition, controverting these and other allegations by Virginia.

At the hearing upon Virginia's petition, the probate court heard evidence concerning her request that fees for extraordinary services be ordered paid to her as executrix and to her attorneys. No evidence was introduced or offered in aid of interpretation of the will or the codicil. The court entered findings of fact and conclusions of law in which it found, among other things, that Virginia was entitled to distribution of the entire estate and that, as its sole beneficiary, she had waived an accounting. Judgment of final distribution was entered accordingly.

Lois appeals from the judgment. Although her position on appeal is not wholly clear, it presents two questions: (1) whether she is entitled, under the will and codicil, to distribution of any of the estate and (2), if she is not, whether she is entitled to distribution of one-half of the estate as a pretermitted heir.

The probate court interpreted the will and codicil contrary to Lois's position in both respects. Since the court did not resort to extrinsic evidence, we are not bound by its construction of the testamentary instruments. (*Estate of Meyer* (1966) 241 Cal.App.2d 747, 751 [51 Cal.Rptr. 72].) We hold, however, that its construction was correct.

The first question turns upon the language of the last sentence of paragraph II of the codicil ("It is my request . . ."). Where such language follows an absolute devise or bequest—as it does here—the question for determination is whether the devisee or legatee is the beneficiary of the gift bestowed upon him, or merely a trustee for others. (*Estate of Marti* (1901) 132 Cal. 666, 669 [61 P. 964, 64 P. 1071]. See 1 Scott, Trusts (2d ed. 1956) § 25, p. 189.) The issue, then, is not whether Lois should have taken under the judgment of

distribution as such, but whether the estate distributed to Virginia should have been impressed with a trust in favor of Lois.

The essential consideration is whether the testatrix intended to create a trust. (*Estate of Marti, supra*, 132 Cal. at pp. 668-669; Prob. Code, § 101, second sentence; Rest.2d Trusts, § 23.) To impose a trust upon the property devised and bequeathed to Virginia, it must appear that the testatrix intended to impose mandatory duties upon her. (*Estate of Kearns* (1950) 36 Cal.2d 531, 533 [225 P.2d 218].) If the language employed manifests an intention to impose only a moral obligation, no trust is created. (Rest.2d Trusts, § 25, com. b.)

In the sentence in question ("It is my request . . .") the testatrix refers to a distribution, by Virginia, of "such portion or portions of my estate as I have heretofore left to either . . . Lois . . . and . . . Linda . . ." It is not at all clear whether Lois and Linda are intended to be the recipients of part of the property "heretofore"—i.e., by the preceding sentence of the codicil—left to Virginia, or whether Virginia is to distribute property which was "heretofore left to either . . . Lois . . . and . . . Linda . . ."[1] The problem is compounded, as between Lois and Linda, by the use of the alternative "either" with the conjunctive "and." In short, if there is a dispositive provision in the sentence, it is wholly ambiguous. Such ambiguity of language tends to show in itself that the testatrix did not intend to create a trust. (Rest.2d Trusts, § 25, com. b.)

The sentence follows a sentence which purportedly makes an absolute devise and bequest to Virginia. ▮ Where an absolute estate has been conveyed by a will, that estate will not be limited by subsequent words unless they indicate as clear an intention therefor as was shown by the words creating the estate. (*Estate of Marti, supra*, 132 Cal. at p. 672.) Section 104 of the Probate Code provides in relevant part that "A clear and distinct devise or bequest cannot be affected by . . . any other words not equally clear and distinct, or by inference or argument from other parts of the will, . . ."

▮ Words of request, recommendation and the like will be interpreted as mandatory when they are addressed to an executor, but only as a request—i.e., in their actual precatory

---

[1] Except for the reference to Linda as "my grand-daughter" in the codicil, she is not identified in the record. There was no property "heretofore left" to Linda: she was not named in the 1953 will.

sense—if addressed to a devisee. Where the language, as in the codicil before us, speaks to a person who is both executor and devisee, it will be construed as precatory if it addresses the person as a devisee. (*Estate of Collias* (1951) 37 Cal.2d 587, 589-590 [233 P.2d 554].)

In the *Collias* case, the person addressed was both executor and devisee. The will employed substantially similar, but relatively unambiguous, language in a similar context.[2] The Supreme Court reviewed the *Marti, Kearns* and other decisions, and held that the language was to be construed as precatory, creating no trust. The *Collias* decision is controlling here. The probate court correctly distributed the entire estate to Virginia absolutely.

Lois next contends that, under our interpretation of the will and codicil, the testatrix omitted to provide for her (Lois). Lois therefore claims to be entitled to distribution of one-half of the estate as a pretermitted heir, under section 90 of the Probate Code.[3] ■ But section 90 does not limit a testator's power to dispose of his property by will as he sees fit; its sole purpose is " 'to guard against the unintentional omission of lineal descendants from a share in the decedent's estate, e.g., "by reason of oversight, accident, mistake or unexpected change of condition." [Citations.]' " (*Estate of Lipovsky* (1965) 238 Cal.App.2d 604, 608 [48 Cal.Rptr. 41].)

■ A testator may be said to have intentionally omitted his child, so that section 90 does not apply if it appears on the face of the will that he had the child in mind at the time of its execution, and having the child in mind he omitted to provide for him or her. (*Estate of Torregano* (1960) 54 Cal.2d 234, and cases cited, *ibid.*, pp. 249-250 [5 Cal.Rptr.

[2]The *Collias* will named Argirios Collias, the testator's nephew, as executor. It included the following successive sentences within a single paragraph (37 Cal.2d at p. 588):

"All the rest and residue of my estate, of every kind and description, and wherever situated, I give, devise and bequeath unto my nephew ARGIRIOS COLLIAS a resident of Long Beach, California at the time this instrument is signed. It is my desire and wish that my nephew Argirios Collias will give half of my estate to my nearest relative heir in Greece instructing him or her to distribute said half of my estate in equal shares to all my close relatives in Greece."

[3]"§ 90. When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

137, 352 P.2d 505, 88 A.L.R.2d 597].) If the testator names a child in the will, and disposes of the property to others, making no provision for the child, then it " 'appears from the will that such omission was intentional' " and section 90 does not entitle the child to take as a pretermitted heir. (*Estate of Sawyer* (1961) 193 Cal.App.2d 471, 474 [14 Cal.Rptr. 450], and cases cited.)

As we have seen, Lois does not take under the will and codicil because the sentence which names her is precatory and creates no trust in her favor. It does, however, name her. Since the testatrix gives all her estate to Virginia while thus naming Lois, it appears that the omission to provide for Lois was intentional, and that she is not entitled to take as a pretermitted heir. (*Estate of Sawyer, supra.*)

 Lois also challenges the probate court's distribution of the estate without an accounting, which Virginia, alleging herself to be the sole distributee, had waived. Lois asserts that an accounting by an executrix "cannot be waived without the consent of all parties concerned." Where the executrix who waives is the sole distributee, this contention cannot be sustained. It is not supported by the statutes cited by Lois as authority. (Prob. Code, §§ 920, 921 and 923.) Waiver of an accounting by a sole distributee, or by all persons interested, is not of statutory origin, but is permitted by case law. (*Middlecoff* v. *Superior Court* (1906) 149 Cal. 94, 97 [84 P. 764]; see Note (1966) 39 So.Cal.L.Rev. 316, 317.)

 If a sole distributee waives an accounting, the remedy of a disaffected "person interested in the estate" (Prob. Code, § 1000) is to object to distribution upon the ground that the account has not been settled. (*Middlecoff* v. *Superior Court, supra,* 149 Cal. at p. 98.) In the instant case, Lois did exactly that. The question, however, is not whether the probate court could have permitted the waiver of accounting without her consent—which it could and did—but whether it abused its discretion in doing so. (See *Estate of McManus* (1963) 214 Cal.App.2d 390, 398 [29 Cal.Rptr. 543].)

 After a hearing at which Lois appeared through counsel and presented her objections to distribution as prayed by Virginia, the probate court found that Virginia alone was entitled to distribution. As we have seen, the court's action was based upon its correct interpretation of the will and codicil. Under the circumstances, and whether or not Lois then retained her status as a "person interested in the

estate,'' she did not and cannot show that she would have benefited in any way from an accounting. Accordingly, the court did not abuse its discretion in not requiring the accounting which Virginia had waived. (*Estate of McManus, supra,* 214 Cal.App.2d at p. 399.)

The judgment of final distribution is affirmed.

Devine, P. J., and Christian, J., concurred.